Gores vs. Day.

---

GORES, Appellant, vs. DAY, imp., Respondent.

*March 24 — April 12, 1898.*

*Corporations: Directors' liability for loss through fraud or negligence.*

Directors of corporations, independent of any statute on the subject, are liable for corporate property misapplied or lost through their culpable negligence or fraud, and under secs. 3237, 3239, R. S. 1878, any creditor of such corporation can maintain an action in equity against such directors to enforce such liability.

[Syllabus by MARSHALL, J.]

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

The substance of the complaint is that the Plankinton Bank, a corporation that had existed for upward of six years prior to the 1st day of June, 1893, in the city of Milwaukee, Wisconsin, and there conducted a large banking business, on that day made an assignment to William Plankinton, for the benefit of its creditors; that there were about 800 of such creditors, representing claims aggregating over $1,400,000, $220 of which was due the plaintiff; that the defendants, for several years prior to such assignment, owned

Gores vs. Day.

a majority of the stock of the corporation, controlled its affairs, and constituted its board of directors; that they gave out and represented, in various ways set forth in detail in the complaint, that the bank possessed $200,000 of unimpaired capital, and $150,000 of surplus, and was a safe banking institution, and that, relying thereon, plaintiff and other creditors vested money therein and became creditors thereof; that such directors were grossly negligent in the performance of their duties; that they knowingly allowed large sums of money to be loaned to irresponsible persons without adequate security therefor, including some $367,000 to *Frederick T. Day,* one of their own number, and the president of the bank; that such directors, knowing that *Day* was incompetent for the trust, elected him to the position of president of the corporation, and allowed him to practically control its affairs, and to withdraw, from time to time, assets by way of loans to himself, altogether to the large amount stated, and also allowed him to purchase stock of the bank when it was insolvent, pay for the same out of its assets, and take the title thereto in his own name; that the directors, through a long period of time, were culpably negligent in the management of the affairs of the bank, thereby permitting its assets to be dissipated and lost, causing the insolvency which rendered the assignment for the benefit of creditors necessary, and which caused a loss to plaintiff and the other creditors, of fifty per cent. of their claims; that such creditors have no remedy for the wrongs stated, except by this action against the defendants as directors and managers of the corporation, for the abuse of their trust. The complaint further stated that the remaining assets of the corporation are still in the hands of William Plankinton, as assignee, and that application to the corporation or its officers, to institute the action, would be useless.

The prayer for relief is, among other things, that judg-

Gores vs. Day.

ment be rendered in favor of the plaintiff and all creditors participating with him:

(1) That defendants are severally liable for the deficiency of assets necessary to pay such creditors, and that they be adjudged to pay the entire amount of such deficiency, with the costs and disbursements of this action.

· (2) That an accounting be had to determine the amount due the creditors participating in this action.

(3) That upon such accounting being accomplished, the defendants pay into court, or to a receiver appointed for that purpose, the amount found due the plaintiff and all participating creditors.

Defendant *Frederick T. Day* demurred to the complaint upon several grounds, upon which the demurrer was sustained, because no cause of action was stated against him, and further, because the court had no jurisdiction of the subject of the action. Plaintiff appealed.

For the appellant there was a brief by *G. J. Cox*, attorney, and *M. M. Riley*, of counsel, a separate brief signed by *M. M. Riley* and *Moritz Wittig, Jr.*, of counsel, and *Mock, Riley, Wittig & Schinz* and *G. J. Cox*, attorneys, and oral argument by *Mr. Wittig*.

[No brief on file for the respondent.]

MARSHALL, J. The above statement, without adopting the language of the complaint, sufficiently shows the nature of the action and the facts alleged in support of it. In the briefs of counsel the complaint is treated in so many aspects that it is difficult to determine therefrom what the pleader intended. It is said that the action is in equity for an accounting of corporate assets negligently lost; that it is an action for losses to the creditors by mismanagement; that it is an action for damages; that it is an action to enforce a personal liability to plaintiff and the other creditors; that it is an action to enforce a statutory liability of the directors

Gores vs. Day.

under secs. 3223, 3224, 3227, R. S. 1878; and that it is an action for misfeasance of officers in the management of the affairs of the defendant bank, and to compel them to return what they fraudulently and criminally misappropriated. There is much inconsistency in the numerous claims, but looking at the pleading itself, it is quite clearly an effort to invoke the jurisdiction of the court under secs. 3237, 3239, R. S. 1878, which provide that the circuit court shall have jurisdiction over directors, managers, trustees, and other officers of corporations, to compel them to account for their official conduct in the management and disposition of the funds and property committed to their charge, to order and compel payment by them to the corporation whom they represent, and to its creditors, of all sums of money, and of the value of all property which they may have acquired to themselves or transferred to others, or may have lost or wasted by any violation of their duties as such directors, managers, trustees, or other officers; and to set aside all alienations of property made by the directors, trustees, or other officers of any corporation, contrary to the provisions of law or for purposes foreign to the lawful business and objects of such corporation, in cases where the person receiving such alienation knew the purposes for which it was made; and that such jurisdiction may be exercised in an action prosecuted by any creditor.

The complaint sets forth the creditor capacity of the plaintiff, the official character of defendants as directors of the corporation, and facts showing that the assets of the corporation were largely wasted and lost through the culpable negligence and fraud of such directors, and asks that they be compelled to account for their misconduct by restoring such lost assets, or the equivalent thereof in money, sufficient to satisfy the claims of the participating creditors. The liability of the directors of the corporation to account, under such circumstances, is not statutory, so the complaint

does not come under sec. 3223, R. S. 1878, authorizing a creditor to bring an action to enforce such liability. Directors are liable to be charged as trustees of property fraudulently misapplied or wasted by them, independent of any statute on the subject, but the duty of enforcing such liability is in the managing officers of the corporation, though it may be performed by stockholders, or creditors, or possibly the assignee, or successor of the corporation, when the circumstances are such as to make that necessary, independent of any statute on the subject. Sec. 3237, R. S. 1878, does not materially add to the jurisdiction of the court; that existed under its general equity powers. But sec. 3239 goes further and provides that the jurisdiction shall be exercised in an action prosecuted by any creditor.

It follows from what has preceded that the complaint does not state a cause of action to enforce a statutory liability, nor an action for damages for the fraud alleged, but does state facts sufficient to constitute a cause of action to compel the defendants to account for assets of the bank lost through their wrongdoing,—not account to the plaintiff, or plaintiff and his associates, for their benefit solely, but, under the circumstances stated in the complaint, to the representative of the corporation, that is, its assignee for the benefit of creditors. Plaintiff and those participating with him in this action have no right to have the assets recovered, administered for their benefit, as appears to be the scheme of the pleader, but the restoration must be to the assignee, either directly or by payment into court, to be administered by him, in lieu of to the corporation, for the benefit of all the creditors.

The fact, however, that the relief prayed for is not the proper relief on the facts alleged, does not militate against the sufficiency of the complaint, since the facts pleaded constitute an equitable cause of action, and the prayer invokes the same jurisdiction. The right to maintain the action on

the facts is fully covered by the decision of this court in *South Bend Chilled Plow Co. v. George C. Cribb Co.* 97 Wis. 230.

*By the Court.*— The order appealed from is reversed, and the cause remanded with directions to overrule the demurrer, and for further proceedings according to law.