MICHELSON and others, Respondents, vs. PIERCE and others, imp., Appellants.

*April 28 — May 15, 1900.*

*Corporations: Stockholders: Winding-up action: Debtor and creditor: Officers: Misfeasance and nonfeasance: Gratuitous service.*

1. An action to wind up and settle the affairs of an insolvent corporation may be maintained by a stockholder, when it appears from the complaint that the relation of debtor and creditor exists between the corporation and the plaintiff, and it does not appear that the action results from the mere fact that plaintiff is a stockholder.

2. In an action by a creditor to wind up and settle the affairs of an insolvent corporation and enforce liability of officers for malfeasance and nonfeasance, the fact that it appears on the face of the complaint that a receiver of the corporation has been appointed in the same action, does not render the complaint demurrable.

3. An officer of a corporation is not relieved from liability to creditors of the corporation for acts of misfeasance and nonfeasance by reason of his services having been performed gratuitously.

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

The defendants have appealed from an order overruling a demurrer to the plaintiffs' complaint. The purpose of the action sufficiently appears in the opinion.

For the appellants the cause was submitted on the brief of *Fish, Cary, Upham & Black* and *W. J. & J. H. Turner,* and for the respondents on that of *Joseph B. Doe.*

BARDEEN, J. This appears to be an action to wind up and settle the affairs of the Home Building & Loan Association, which has become insolvent and has ceased to be a going concern. The officers and directors of the association have been made defendants, under allegations charging them with gross mismanagement of the affairs of the company and gross violations of duty, by reason of which its funds and property have been lost and embezzled to a very large amount.

The first point made under the defendants' demurrer is that it appears that the plaintiffs " are prosecuting this action as stockholders." No doubt, there are allegations in the complaint from which it may be inferred that the plaintiffs are stockholders in the corporation; but this fact is no bar to their maintaining an action to wind up and settle its affairs, when it fairly appears that the relation of debtor and creditor exists. The complaint alleges that at the time the corporation became insolvent it was indebted to each of the plaintiffs in the several sums stated, and the necessary inference is that they sustained the relation of creditors to it at that time. In actions to dissolve corporations, the rule as stated in *Strong v. McCagg,* 55 Wis. 624, and *Hinckley v. Pfister,* 83 Wis. 64, is that a stockholder cannot maintain an action for that purpose; but, if the stockholder was at the same time a creditor, no reason is perceived why he may not enforce his rights as such, independent of his relation as

a stockholder. Whatever may be considered to be the purpose of this action, the objection mentioned is not available to the defendants, because the complaint shows the relation of debtor and creditor to exist, and does not show that it results from the mere fact that the plaintiffs were stockholders.

Nor does the fact that a receiver has been appointed in the action render the complaint demurrable. It does not seem necessary that the receiver should commence an independent action to enforce the liability of the officers and directors, and thus increase the expense of the litigation, when the same results may be reached in the action pending. The fruits of the litigation would go to the receiver for distribution under direction of the court, and the end of the law be accomplished without circuity.

It is further contended that the acts and omissions for which it is sought to hold the defendants liable were performed gratuitously, and that under the rule of *North Hudson M. B. & L. Asso. v. Childs*, 82 Wis. 460, they cannot be held. That case was decided upon the facts found after a trial. In this case there are allegations of misfeasance and nonfeasance which carry it beyond the facts there found, and are deemed sufficient, if proven, to render the defendants liable. There are also allegations of misrepresentation, voting and receiving unlawful dividends, and the like, which serve to distinguish the cases, and, if proven, would afford ground for a judgment requiring them to respond for the benefit of the corporation. No useful purpose will be served by any lengthy discussion of the grounds upon which the liability of officers and directors of a corporation will be sustained. Such liability can be best considered with reference to the actual facts of the case, found after trial.

Upon the grounds stated, we think the demurrer was properly overruled.

*By the Court.*— The order appealed from is affirmed.