CONSOLIDATED VINEGAR WORKS, Respondent, vs. BREW, Appellant.

*December 19, 1901 — January 7, 1902.*

*Equity: Accounting: Corporations: Misappropriation of funds by officer: Injunctional order.*

1.  A complaint alleging that the defendant is the secretary and treasurer of the plaintiff, a corporation, and that he has converted to his own use moneys of the corporation collected by him and refuses to account therefor to the proper officers, states facts calling for equitable relief.

2.  An injunctional order in such a case should not require defendant to pay moneys already collected or thereafter to be collected by him into the treasury of the corporation, but may restrain him from appropriating any of such moneys to his own use,— the proper function of the order being to preserve the *status quo.*

APPEALS from orders of the superior court of Milwaukee county: J. C. LUDWIG, Judge.  *One order affirmed; the other affirmed in part and reversed in part.*

This is an action in equity by a corporation against its secretary and treasurer to obtain an accounting and to restrain said official from appropriating corporate moneys to his own use.

The complaint, after alleging the corporate character of the plaintiff and the fact that the corporate stock was owned by the defendant and by Nicholas Dahinden and Rudolph Gallasch in equal shares, alleged, in substance, that, at a regular meeting of the directors of the corporation held in 1899, the defendant was elected secretary and treasurer of the corporation, and is still such officer; that his duties as such officer were to keep true books of account, receive, receipt for, and properly disburse all of the corporate moneys, and render accounts therefor whenever required by the president or board of directors; that on or about January 1, 1901, the defendant had in his possession outstanding accounts belonging to the plaintiff amounting to about the sum of $4,300; that since that time he has collected about $2,500 thereon, and appropriated the same to his own use, and refuses to account therefor, though a demand for such accounting has been made by the president; that on April 1, 1901, the defendant had accounts of the plaintiff representing about $4,000 in his hands, but the plaintiff is unable to obtain a list thereof from the defendant showing their condition as to payment; that creditors of the plaintiff are pressing their demands, and, unless the defendant pays over the money collected by him, the property of the corporation will be levied upon, to the great injury of its business. Judgment is demanded for an accounting of the plaintiff's moneys collected by the defendant, for an injunction restraining defendant from appropriating the corporate moneys already collected by the defendant, and requiring him to pay over all such moneys into the plaintiff's treasury.

To this complaint the defendant demurred on the following grounds: (1) that a court of equity has no jurisdiction;

(2) that several causes of action are improperly united; and (3) that the complaint does not state facts sufficient to constitute a cause of action. This demurrer was overruled, and the defendant appeals from the order.

Upon the complaint a preliminary injunctional order was, upon notice and after argument, granted by the court, restraining the defendant from appropriating to his own use any of the plaintiff's moneys already collected or hereafter to be collected by him, and directing the defendant to pay into the plaintiff's treasury within fifteen days all of the plaintiff's moneys then in his possession or under his control, and also that he pay into such treasury all moneys of the plaintiff thereafter collected by him. From this order also the defendant appeals.

The cause was submitted for the appellant on the brief of *Timlin, Glicksman & Conway*, and for the respondent on that of *W. O. Thomas.*

WINSLOW, J.   1. It is plain that a cause of action in equity is stated by the complaint, and that the demurrer to the complaint was properly overruled. It is alleged that the defendant was and is the secretary and treasurer of the corporation, and has misappropriated the property of the corporation and refuses to account to the proper officers. This state of facts calls for the interference of a court of equity. The defendant is, in a sense, a trustee of the plaintiff. He is charged with having abused his trust, and converted corporate property to his own use, and in such a manner that the taking of an account is necessary. In such cases the jurisdiction of equity is very well established. *Doud v. W., P. & S. R. Co.* 65 Wis. 112; *North Hudson M. B. & L. Asso. v. Childs*, 86 Wis. 292.

2. It is equally plain that the temporary injunctional order went entirely too far. The proper function of such an order (at least in ordinary cases) is simply to restrain

the commission of some act or acts during the progress of the litigation, or, as otherwise expressed, to maintain the *status quo*. Stats. 1898, sec. 2774. Such an order is not intended to change the position of the parties or to require the doing of an act which constitutes all or a part of the ultimate relief sought in the action. Its purpose is not to decide the action before trial. In the present case those parts of the injunctional order which require the defendant to pay moneys collected by him in the past, or to be collected in the future, into some place called the treasury of the plaintiff, are plainly erroneous, under the principles just stated. These clauses do not simply preserve the *status quo;* they decide the whole controversy in advance. Those clauses which restrain the defendant from appropriating to his own use any corporate moneys already collected or thereafter to be collected are entirely justified by the allegations of the complaint.

*By the Court.*—The order overruling the demurrer to the complaint is affirmed, and the temporary injunctional order is affirmed, except those parts thereof which require the defendant to pay over moneys into the treasury of the plaintiff, which parts are reversed; and the action is remanded for further proceedings according to law. Respondent will be entitled to tax but one bill of costs.