### LESLIE v. WILLIAM MANN CO.

(Circuit Court, S. D. New York. November 13, 1907.)

PATENTS—SUIT ON LICENSE CONTRACT—EQUITY JURISDICTION.

A bill alleged that complainant, who was the grantee of certain patents, assigned the legal title to the same to defendant under contracts by which he reserved the equitable title and was to receive royalties and commissions on the articles made and sold thereunder by defendant; that defendant pretended to make such articles as it sold under a later patent to another, and refused to account for and pay royalties thereon, but that such later patent was in fact an infringement of complainant's and such articles within the contracts, and it prayed for a discovery and an accounting. Held, that it was cognizable in a federal court of equity under the patent law, the right to the relief sought being dependent upon whether or not the device of such later patent was an infringement of complainant's patents.

In Equity. On demurrer to bill.

Samuel E. Darby, for complainant.

D. Frank Lloyd, E. Hayward Fairbanks, and Hector T. Fenton, for defendant.

HAZEL, District Judge. Letters patent Nos. 581,123, 581,124, and 603,428, dated April 20, 1897, and May 3, 1898, were issued to the complainant for improvements in binders, loose sheet binders, and temporary binders. In consideration of the payment of royalties and commissions on the manufacture and sale of the patented devices, the complainant, who was the inventor, assigned the patents to the defendant. It was in terms agreed—and the agreement is evidenced by two contracts referred to in the bill—that by the assignment of the

patents the legal title should vest in the defendant company, the equitable title remaining in the patentee. Complainant avers that he has kept the terms and conditions imposed by the contracts, but that the defendant has failed to pay to him the agreed royalties and commissions, and that he has no knowledge or means of acquiring knowledge, without discovery, regarding the number of such patented devices manufactured and sold by the defendant. The bill further alleges that the defendant pretends to manufacture such devices under a subsequent patent issued to one Deckert, but which devices in reality operate on the principle of the patents in suit, are covered by them, and included within the terms of the existing contracts for the payment of royalties and commissions; that the defendant in fact is selling other devices, pretending that such devices are essentially different from complainant's invention. The prayer of the bill is for discovery and accounting and also that the court decree that the pretended devices sold by the defendant ostensibly under the patent to Deckert were in fact sold for and on account of complainant's benefit, and that royalties and commissions be paid to him in accordance with the provisions of the written agreements.

The defendant has filed a demurrer alleging that the court is without jurisdiction, that the relief sought cannot be granted because complainant has an adequate remedy at law, and that the bill on its face shows that this is not an action for the infringement of a patent. I am inclined, however, to hold that the complainant is entitled to the equitable interposition of this court, even though no relief by way of injunction is demanded. The gist of the bill upon which the accounting seems to depend is the manufacture and sale of devices by the defendant which are protected by the patents in suit. It was obviously the duty of the defendant to have protected the complainant against infringers, but, taking the allegations of the bill as true, it has in fact become an infringer by the manufacture and sale of the Deckert device. Whatever rights the defendant had to make and sell the devices in suit were obtained from the assignment of the patents by the complainant, and in my judgment the bill sufficiently charges infringement of the complainant's patented devices by the use of the Deckert construction with the object, as claimed, of depriving the patentee of his royalties and commissions. A decision of the controversy involves the construction of the patents and claims in suit and of the Deckert patent to ascertain whether there has been infringement by the defendant, and therefore I think this is an action, suit, or controversy under the patent law and within the jurisdiction of this court. The law is well settled that when a royalty has been established or a license granted for the manufacture and sale of a patented article, the recovery of damages for failure to comply with the agreement must be in an action at law; but in this case, as already intimated, it is essential to establish the infringement by the defendant of the patents in suit before there can be an accounting. The defendant principally contends that as no relief by way of injunction is asked in the prayer, the bill, on the authority of Root v. Railway Company, 105 U. S. 189, 26 L. Ed. 975, lacks equity and must be dismissed. Ordinarily this contention probably would be entitled to controlling weight; but, as pointed out

in the Root Case, at the end of the opinion, there are exceptions to the rule that a mere accounting of profits and damages against an infringer of a patent cannot be had in a court of equity. The court, speaking on the point, says:

"The most general ground for equitable interposition is to insure to the patentee the enjoyment of his specific right by injunction against a continuance of the infringement; but that grounds of equitable relief may arise, other than by way of injunction, as where the title of the complainant is equitable merely, or equitable interposition is necessary on account of the impediments which prevent a resort to remedies purely legal, and such equity may arise out of, and inhere in, the nature of the account itself, springing from special and peculiar circumstances which disable the patentee from a recovery at law altogether, or render his remedy in a legal tribunal difficult, inadequate, and incomplete, and as such cases cannot be defined more exactly, each must rest upon its own particular circumstances as furnishing a clear and satisfactory ground of exception from the general rule."

Complainant's title to the patents is equitable, and an accounting of royalties and commissions is apparently dependent upon whether the Deckert device is an infringement of complainant's patents; and, although the damages may be readily determinable on account of the provisions of the contracts to pay royalties and commissions, yet the nature and extent of the use by the defendant of the Deckert device is involved in the question of infringement or its pretended use by the defendant.

The demurrer is overruled, with costs. The defendant is directed to answer within 20 days.