PREST-O-LITE CO. v. AVERY PORTABLE LIGHTING CO. et al.

(Circuit Court, E. D. Wisconsin. September 15, 1908.)

1. COURTS—JURISDICTION OF FEDERAL COURT—SUIT BY ASSIGNEE.

A bill by a corporation alleged that one of the defendants, who had. made an invention and applied for a patent therefor, by a written instrument assigned a two-thirds interest therein and in the right to the patent therefor to two other persons; that the three organized complainant corporation, and thereupon sold their rights to the corporation, receiving in payment its capital stock; that complainant, under the management of such three persons, engaged in the manufacture of the invention, but that such defendant subsequently sold his stock therein, and on the issuance of the patent caused the same to be assigned to another corporation, which was made defendant, and which had engaged in the manufacture of the patented article; that the two other persons had assigned their equitable interest in the invention and patent to complainant. The bill

prayed for an accounting of profits, an injunction to restrain defendants from manufacturing the patented article, and that they be required to assign the patent to complainant. *Held*, that the purpose of the bill was, not the specific enforcement of the written assignment made by defendant, but to charge him as trustee ex maleficio on the ground of fraud, and that the case was not, therefore, within the provisions of section 629, Rev. St. (U. S. Comp. St. 1901, p. 503), relating to suits by assignees to recover the contents of a chose in action.

2. SAME.
     The individual defendant, having been a director and a salaried officer of complainant at the time he assigned the patent, was also chargeable as trustee by virtue of such relationship, regardless of the written assignment; and, diverse citizenship appearing, the suit was maintainable in a federal court to require an accounting and to compel a transfer of the patent.
     [Ed. Note.—Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249, and Mason v. Dullagham, 27 C. C. A. 298.]

3. PATENTS—INFRINGEMENT—SUIT BY EQUITABLE OWNER AGAINST PATENTEE.
     A suit for infringement of a patent may be maintained by the equitable owner against the patentee.

4. SAME—MULTIFARIOUSNESS OF BILL.
     A bill by the equitable owner of a patent against the holder of the legal title, to compel a transfer of the patent and for infringement, is not multifarious.
     [Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, § 518.]

In Equity.   On demurrers to bill.

The averments of the bill are substantially as follows: That the complainant is a corporation organized and existing under the laws of the state of Indiana, having its principal office at Indianapolis, Ind., and being a citizen of that state. The defendants are alleged to be citizens of the state of Wisconsin, and the alleged infringements to have taken place within the Eastern district of Wisconsin. That prior to October 17, 1904, the defendant Avery invented a new and useful improvement in gas tanks for the storing of acetylene gas. That on the 3d of September, 1904, Avery produced and exhibited a complete gas tank, embodying his invention in perfected commercial form, which he was about to put upon the market, and induced James A. Allison and Carl G. Fisher to enter into a certain written agreement, which is attached to the bill, by which, among other things, said Avery assigned to Allison and Fisher an undivided two-thirds interest in such invention and in the right to letters patent therefor, for which Avery had already applied; and by such contract it was further agreed that a corporation should be organized for the purpose of manufacturing, using, and vending such invention throughout the United States, and that all patents that might be thereafter obtained in the further development and perfection of said device should be transferred to said corporation. That pursuant to such written contract the complainant corporation was organized on the 6th day of September, 1904. Avery agreed to devote to and give said business his entire personal attention and experience, and in consideration therefor Allison and Fisher agreed that Avery shall be paid by said corporation a salary of $150 per month, and that such salary shall be increased from time to time as said business may justify. That Avery became a stockholder and director, and also the secretary, of said corporation, and entered into its employ upon a salary. The manufacture of the patented device was undertaken by said corporation, and a profitable business resulted. That on October 17, 1904, Avery applied for letters patent for such invention. That on the 3d day of December, 1904, the stockholders of said complainant corporation, including Avery, on motion of Avery, authorized and directed the directors of said company to purchase of Avery, Fisher, and Allison the letters patent theretofore applied for and to be granted for said invention, for the sum of $10,000, to be paid for by capital stock

of complainant company; said stock to be issued in equal amounts to Avery, Allison, and Fisher. That thereupon such capital stock was issued accordingly, and received and accepted by the parties as full payment for their several interests in said invention and the right to letters patent thereon. That Avery continued with the complainant company, which manufactured and marketed the devices covered by said invention. That said Avery received for his services from said corporation a salary, in addition to dividends declared by said company upon the capital stock thereof. That Avery, Allison, and Fisher were the officers and directors of said complainant company, and the conduct of the applications for letters patent was left entirely to Avery, by virtue of the trust and confidence reposed in him as an officer of such corporation. That on the 27th day of March, 1906, letters patent of the United States, numbered 816,059, were issued to said Avery for such invention. That on the 19th day of May, 1906, Avery sold his stock in the complainant corporation to Allison and Fisher for the sum of $33,333. That on the 2d day of May, 1906, said Avery, while still in the employ of, and an officer of, the complainant corporation, executed an assignment of such letters patent in writing to one George L. Wilkinson, who was one of the attorneys for said Avery in the prosecution of said application. That said assignment to said Wilkinson was without consideration, and with full knowledge of the facts hereinbefore set forth. That thereupon Avery left Indianapolis, Ind., where complainant's business was being conducted, and proceeded to Milwaukee, Wis., where, in conjunction with certain other parties, on the 29th day of March, 1906, he caused to be organized the defendant corporation, for the purpose of engaging in the manufacture and sale of the device covered by said letters patent. That practically all of the stock of the defendant corporation was issued to Edgar C. Avery, the father of the defendant Avery. That Wilkinson made an assignment to the defendant corporation of the said letters patent, which purported to be made on the 5th day of June, 1906. That thereupon the defendant corporation proceeded to manufacture the patented device, and had sold such patented gas tanks in large quantities, causing irreparable injury to, and amounting to an infringement of the rights of, the complainant. That complainant duly demanded the assignment of said letters patent from said Avery to the complainant, which demand was refused by Avery. That the value of said letters patent exceeds the sum of $5,000. The citizenship of Allison and Fisher is not alleged. It is further averred that Allison and Fisher by an instrument in writing did assign to complainant an undivided two-thirds interest in and to the invention and letters patent therefor, with all claims or demands, either in law or equity, for any damages or profits that have accrued or may accrue on account of infringement by defendants. The prayer is for an accounting of profits; an injunction restraining the defendants from the manufacture, use, or sale of the patented improvement; that the assignment by Avery to Wilkinson, and by Wilkinson to the defending corporation, be adjudged fraudulent, and be rescinded and set aside; that Avery and the defending corporation be compelled to assign to the complainant his interest in such invention and letters patent; and also an injunction to prevent the defendants from making further transfers or assignments of such letters patent or any interest thereunder.

Each of the defendants interposed a demurrer. The demurrers challenge the jurisdiction of the court because the complainant seeks to maintain this action as the assignee of one James A. Allison and Carl Fisher, claiming that said complainant acquired certain rights from Allison and Fisher, which they had theretofore acquired from the defendant Avery, and had by written assignment transferred to the complainant; that complainant is seeking by virtue of such assignment to establish and recover rights and things that are the contents of a chose in action; that said bill of complaint fails to show the citizenship of said Allison and Fisher; that the assignors of complainant could not have maintained this action in this court, and therefore the jurisdiction fails by virtue of section 629, Rev. St. (U. S. Comp. St. 1901, p. 503); second, that said bill of complaint is multifarious, in that it unites an action for specific performance and a cause of action for infringement; and, third, that the bill of complaint does not state facts sufficient to entitle the complainant to any equitable relief.

Bartlett, Brownell & Mitchell and Carl F. Geilfuss (Keyes Winter, of counsel), for complainant.

Ferdinand A. Geiger (Walter H. Chamberlin, of counsel), for defendants.

QUARLES, District Judge (after stating the facts as above). The first ground of objection is predicated upon section 629, Rev. St. (U. S. Comp. St. 1901, p. 503), which denies to the Circuit Court jurisdiction in a case "to recover the contents of any promissory note or other chose in action in favor of any assignee, or of any subsequent holder, if such instrument be payable to bearer, or be not made by any corporation, unless such suit might have been prosecuted in such court to recover the contents if no assignment or transfer had been made." If the main purpose of the bill of complaint were to secure the specific performance of the agreement of September 3d, the contention that it would fall within the purview of section 629, Rev. St., would be entitled to serious consideration. The language of this enactment has received a broad construction by the courts; but we do not feel called upon to prosecute this inquiry, because we do not agree with defendant's construction of the complaint. The agreement of September 3d is an important link in the chain of circumstances recited in the bill; but the ground of recovery and the equities of the complainant do not spring from such contract, but rest upon the alleged fraud of the defendants.

Fairly construed, this bill is an appeal to a court of equity to impose upon the defendant Avery a trusteeship, by means of which the court by its own processes may work out a righteous result. There are two grounds presented in the complaint, either of which would warrant the court in treating Avery as a trustee ex maleficio, independent of the written contract of September 3d. Avery transferred an equitable two-thirds interest in his invention to Allison and Fisher. Avery, Allison, and Fisher sold the entire equitable title to the invention to the complainant for $10,000 of its capital stock before the letters patent were issued. They accepted such stock as a full and complete equivalent, and thereby the invention and the right to letters patent thereon became corporate assets. Such an oral agreement is not within section 4898, Rev. St. (U. S. Comp. St. 1901, p. 3387), and not within the statute of frauds, and may be specifically enforced in equity upon sufficient proofs. Dalzell v. Dueber Mfg. Co., 149 U. S. 315, 320, 13 Sup. Ct. 886, 37 L. Ed. 749. The law is that, having made such an oral transfer, the complainant acquired an equitable interest, and Avery, holding the legal title, became a trustee. Somerby v. Buntin, 118 Mass. 279, 19 Am. Rep. 459; Blakeney v. Goode, 30 Ohio St. 350, 360.

In Littlefield v. Perry, 21 Wall. 205, 227, 22 L. Ed. 577, the court say:

"The contest is now between an assignor in equity and his assignee. A court of equity will in such a case give the same legal effect to an equitable title that it would to one that was legal."

Second. Avery became a director and officer, as well as a salaried employé, of the complainant corporation. Upon the plainest prin-

ciples he is chargeable as a trustee by virtue of such relationship. Consolidated Vinegar Co. v. Brew, 112 Wis. 610, 612, 88 N. W. 603. Instead of protecting the interests of the complainant and his associates, as he was bound to do, it is averred that on the 2d day of May, 1906, he assigned and transferred the letters patent to his attorney Wilkinson. On May 19, 1906, he sold his stock in complainant corporation to Allison and Fisher for $33,000, and then proceeded to appropriate the only asset that the corporation had, and to manufacture and sell the patented device in competition with complainant. If the averments of the bill, which are admitted by the demurrers, be true in fact, Avery has greatly abused his trust, in such a way that an accounting is absolutely necessary to protect the rights and equities of the complainant. This is the peculiar province of a court of equity; and, on the face of the bill, diverse citizenship appearing, the court has jurisdiction to entertain the case, which rests, not upon a written contract, but upon the fraud of the defendant. Victor Co. v. The Fair, 123 Fed. 424, 61 C. C. A. 58. Under the averments of this bill there can be no doubt that a court of equity should intervene to compel a transfer of the letters patent to the complainant, although there was no written agreement on the part of the defendants. Pontiac Knit Boot Co. v. Merino Shoe Co. (C. C.) 31 Fed. 286; Stark v. Starr, 73 U. S. 402, 419, 18 L. Ed. 925; Consolidated Vinegar Co. v. Brew, 112 Wis. 610, 612, 88 N. W. 603.

I am also of opinion that the jurisdiction may be sustained upon another ground. The bill charges an infringement by the inventor and prays for an injunction. It seems that such use by the inventor amounts in law to an infringement. If so, jurisdiction is conferred by the patent law of the United States. Littlefield v. Perry, supra; Wooster v. Crane, 147 Fed. 515, 77 C. C. A. 211; Leslie v. Wm. Mann Co. (C. C.) 157 Fed. 236.

The bill is not multifarious. The argument of counsel is that the two causes of action, the one for specific performance and the other for infringement, are incongruous, as the one is dependent upon the other, and the complainant is not entitled to damages for infringement until it establishes its right to be invested with the title. But in Littlefield v. Perry, 21 Wall. 206, 226, 22 L. Ed. 577, the court say:

"Courts of equity in proper cases consider that as done which should be. If there exists an obligation to convey at once, such courts will oftentimes proceed as if it had actually been made."

In the maze of conflicting decisions as to what is the test of multifariousness, we find one proposition concerning which the courts seem to be agreed—that a bill is not multifarious because it includes several causes of action, if they grow out of the same transaction. If all the defendants are interested in the same right, and the relief against each is of the same general character, the bill may be sustained. Barcus v. Gates, 89 Fed. 783, 791, 32 C. C. A. 337 (decided by the Court of Appeals of the Fourth Circuit); Story's Eq. Jur. § 796; Swihart v. Harless, 93 Wis. 211, 215, 67 N. W. 413.

For these reasons, both demurrers will be overruled, with leave to defendants to answer by the November rule day, if they shall be so advised; otherwise, judgment to pass upon the demurrer.