Seering, Respondent, vs. Black, imp., Appellant.

*October 5—October 26, 1909.*

*Corporations: Dissolution: Refusal of directors to settle affairs: Winding-up action by stockholder: Pleading: Joinder of causes of action: Rights of creditors.*

1. Where the directors of a dissolved corporation have wholly failed and refused to perform the duties imposed by sec. 1764, Stats. (1898), to settle its affairs and distribute its assets, thus depriving a stockholder of his share of the assets and correspondingly enriching themselves, the stockholder may maintain an action in equity to wind up the affairs of the corporation and for the appointment of a receiver to perform the functions which the directors have refused to perform.
2. In such an action there was no impropriety in alleging that plaintiff was also a creditor of the corporation and in setting forth a fairly complete history of its condition and affairs.
3. Although the prayer of the complaint in such an action might be considered as asking for relief which could not be granted therein, viz., a money judgment in favor of plaintiff as a creditor and a like judgment in favor of the corporation against its officers, yet it might also be construed as asking merely that the claims so involved be duly paid or enforced by the receiver, and, so construed, the complaint states but a single cause of action.
4. The mere fact that unnecessary or even improper relief is prayed for does not show that more than one cause of action is stated.
[5. Whether a creditor other than a judgment creditor may maintain an action to wind up the affairs of a corporation dissolved by operation of law, not determined.]

Appeal from an order of the circuit court for Shawano county: John Goodland, Circuit Judge. *Affirmed.*

The appeal is from an order overruling a demurrer to a complaint.

The complaint set forth that Black Brothers Company was a domestic corporation organized in June, 1906, with an authorized capital of $30,000, for the purpose of conducting a mercantile business, and that $21,000 in capital stock was issued, of which the plaintiff held $7,000, *John Black*

$6,900, Mary Black, his wife, $100, Joseph Black $6,900, and Nellie Black, his daughter, $100; that each of the stockholders was a director in the corporation; that *John Black* was president and Joseph Black was secretary and treasurer, and that plaintiff was vice-president thereof; that on October 22, 1906, said corporation sold all of its property except book accounts owing to it and has transacted no business since said date; that said corporation failed to make the report required by sec. 1774a, Stats. (Supp. 1906; Laws of 1905, ch. 507, sec. 5), showing the condition of its business on January 1, 1907, and that, by appropriate proceedings had in pursuance of such statute, its franchise was forfeited on January 2, 1908, at which time it was dissolved by operation of law; that at the time of such dissolution there was due and owing to such corporation on account from the defendant Joseph Black the sum of $2,583.83, and from *John Black* the sum of $2,059.04, and in other accounts about $1,500, and that there was due and owing to plaintiff from said corporation the sum of $2,840 on an indebtedness duly assumed by the corporation; that the defendants Black had control of the board of directors of said corporation; that they are the principal debtors of said corporation and refuse to take any steps to collect the moneys due the same or to liquidate the indebtedness due plaintiff, and that due demand has been made upon them to perform their duties as officers and trustees of said corporation, but they have failed and refused to act, intending thereby to defraud the plaintiff of his rights as a stockholder and creditor of the corporation; and that it is necessary to appoint a receiver to marshal the assets of said corporation and wind up its affairs.

As relief the plaintiff asks (1) that a receiver be appointed to collect the outstanding debts and pay the accounts; (2) that the defendants, *John* and Joseph Black, be compelled to pay to the corporation the amount of their indebtedness thereto; (3) that the plaintiff have judgment directing the receiver to

pay over to him the amount found to be due from the corporation; (4) that plaintiff be paid the amount found due him on an accounting after the affairs of the corporation are wound up; (5) that the corporation be dissolved and its affairs settled up and that its assets be distributed; (6) that plaintiff have such other relief as may be equitable.

The defendant *John Black* demurred to this complaint on various grounds, but two of which are relied on: (1) That the complaint does not state a cause of action; and (2) that several causes of action have been improperly united. From an order overruling this demurrer said defendant appeals.

For the appellant there was a brief by *Eberlein & Eberlein,* and oral argument by *M. B. Eberlein.*

For the respondent there was a brief by *Paul J. Winter,* attorney, and *Greene, Fairchild, North & Parker,* of counsel, and oral argument by *Mr. Winter.*

BARNES, J.   By sec. 1764, Stats. (1898), the directors of the dissolved corporation were continued in office for the purpose of selling and disposing of its property, collecting its debts, paying its obligations, and distributing its assets among its stockholders.   *Lindemann v. Rusk,* 125 Wis. 210, 104 N. W. 119.   Taking as a verity the averments of the complaint, the defendants have wholly failed to perform the duties imposed on them by law.   By such conduct they are depriving the plaintiff of his share of the corporate assets and correspondingly enriching themselves.   That a court of equity has power under such circumstances at the suit of a stockholder to entertain a winding-up suit and to appoint a receiver to perform the functions which the defendants have wrongfully and fraudulently refused to perform does not admit of doubt.   2 Cook, Corp. § 641; *Lindemann v. Rusk, supra; Elmergreen v. Weimer,* 138 Wis. 112, 119 N. W. 836. The complaint states sufficient facts to constitute a cause of action.

That the complaint does not improperly unite several causes of action is not so clear. An inference might well be drawn that a money judgment in favor of plaintiff as a creditor was sought in this action, and also that a like judgment in favor of the corporation was sought against *John* and Joseph Black on an ordinary account alleged to be due from them to it. Such relief cannot be granted in a winding-up suit. *Harrigan v. Gilchrist,* 121 Wis. 127, 240, 99 N. W. 909. Equity will entertain a suit by a creditor to wind up the affairs of an insolvent or of a dissolved corporation. *Killen v. Barnes,* 106 Wis. 546, 559, 82 N. W. 536; *Gores v. Day,* 99 Wis. 276, 74 N. W. 787. But we are not prepared to say that the general rule that only a judgment creditor may maintain such a suit is not applicable to a corporation dissolved by operation of law. The allegation in the complaint to the effect that plaintiff is a creditor is proper enough, even though he is not presently entitled to maintain the action as such. We see no impropriety in placing a fairly complete history of the condition and affairs of the corporation before the court in the suit of plaintiff as a stockholder. The ambiguity arises out of the demand for judgment. If the pleader intended to set out more than one cause of action, he did not follow sec. 2647, Stats. (1898), which requires that different causes of action be stated separately. We think the prayer for relief may be construed as a demand by the plaintiff that the receiver pay him the amount found to be his due, after he has filed his claim and proved it in the receivership proceedings in the manner provided by law, and that the defendants *John* and Joseph Black be obliged to pay to the receiver as the representative of the corporation the amount found to be due from them in an appropriate proceeding brought for the purpose of compelling such payment. So construed, the complaint states but a single cause of action. The mere fact that the plaintiff is asking for unnecessary or

even improper relief does not in itself show that more than one cause of action is stated.

*By the Court.*—Order affirmed.

TIMLIN, J. I concur in the opinion written by Justice BARNES, but I do not think it is an open question in this state whether a creditor who has not recovered a judgment can maintain such an action as this against such a corporation. I do not think any doubts on this barren, outworn, and quite useless technicality of practice should be revived, especially when the action is to enforce a trust or fiduciary duty. The statute is sec. 3223, Stats. (1898). The cases are *Sleeper v. Goodwin,* 67 Wis. 577, 31 N. W. 335; *Michelson v. Pierce,* 107 Wis. 85, 82 N. W. 707; *Booth v. Dear,* 96 Wis. 516, 71 N. W. 816, and other cases.

"Liability created by law." *Hurlbut v. Marshall,* 62 Wis. 590, 594, 595, 22 N. W. 852. This also has been since followed; all of which may be found by any one having the time and industry so to do.

MARSHALL, J., dissents.