CREAM CITY MIRROR PLATE COMPANY, Respondent, vs. COGGESHALL and another, imp., Appellants.

*April 8—April 26, 1910.*

*Corporations: Pledge of stock: Waste of assets: Rights of pledgee and creditors: Liability of directors: Action, by whom brought.*

1. One taking corporate stock as security for a loan to a person who practically controls the corporation is entitled to have his security protected from fraudulent dissipation before the debt matures, even though it does not appear that the debt will not otherwise be paid at maturity.
2. General creditors of the corporation have the same right if their interests are being jeopardized.
3. If in such a case the assets of the corporation have been wasted because of a fraudulent breach of trust on the part of its directors, such directors are personally responsible for the loss.
4. Where, after such waste has occurred, the control of the corporation passes into friendly hands, the action to compel restoration of the assets by those responsible for the waste may properly be brought in the name of the corporation, rather than in the name of a creditor or of a person holding its stock as security.

APPEAL from an order of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

This is an appeal from an order overruling a general demurrer to the complaint. The complaint in substance alleges that on and prior to January 7, 1906, the net assets of the

plaintiff corporation exceeded $54,000 and that all of the
stock therein was owned by John M. Goetzinger and his wife
and daughter; that on January 3, 1906, it was agreed be-
tween Goetzinger and the defendant Donahue that the capital
stock of the company should be increased to $50,000, and that
Goetzinger should sell and assign all of said stock to Donahue
in consideration of the payment of $50,000, $20,000 of which
amount was to be paid in cash and the remainder in six equal
annual instalments, the deferred payments to be evidenced by
promissory notes; that the payment of such notes should be se-
cured by an assignment from Donahue to Goetzinger of
$40,000 of the capital stock of said company to be issued to
said Donahue, such stock to be held by said Goetzinger until
all the notes were fully paid; that it was further agreed be-
tween the parties that Goetzinger should be elected a director
and treasurer of the corporation and act in an advisory ca-
pacity and countersign all checks and obligations for the pay-
ment of money, and that such employment should begin Jan-
uary 2, 1906, and end when the notes given him by Donahue
were fully paid, and that he should be paid a salary of $1,800
per year; that pursuant to such agreement the capital stock
was increased and Goetzinger was elected to the offices speci-
fied; that on January 6, 1906, Donahue paid Goetzinger
$20,000 in cash and delivered his notes for $30,000 as agreed
upon, and there was then issued to Donahue $48,900 of the
capital stock of the corporation, to Goetzinger $100, and to
one *Coggeshall* $1,000; that the stock issued to *Coggeshall*
was issued at the request of Donahue; that of the stock is-
sued to Donahue $39,900 was eventually transferred and as-
signed to Goetzinger as collateral security for the indebted-
ness of $30,000; that there was also issued to Goetzinger one
share of stock of the face value of $100 as collateral security
for the payment of said notes; that the agreement as to the
employment of Goetzinger and the salary which he should
receive was reduced to writing on January 6, 1906; that on

February 1, 1907, Donahue sold $5,000 of the capital stock of said corporation to the defendant *Schroeder,* and stock to that amount was legally transferred on the books of the company to said *Schroeder.* On information and belief the plaintiff alleges that Donahue guaranteed *Schroeder* against loss of the moneys paid for said stock; that at the annual election of officers held on the 1st day of February, 1907, Donahue, *Coggeshall,* and *Schroeder* were elected directors; that on said day, without just cause, the directors unanimously passed a resolution dispensing with the services of Goetzinger as treasurer, and thereafter and until April 1, 1909, combined and confederated together to exclude, and did exclude, Goetzinger from all participation in the affairs of the plaintiff corporation; that on said last-named day the defendants ceased to be directors and officers of the company, and John M. Goetzinger, his wife, and daughter were elected officers and directors in their places; that three of the notes given by Donahue to Goetzinger have been paid, but those due January 6, 1910, 1911, and 1912 are unpaid; that Goetzinger has at all times owned said notes and at all times held and still holds $40,000 of the stock of the plaintiff as collateral security for the payment of said notes; that so long as Goetzinger was retained as treasurer and financial manager the business was profitably conducted, but thereafter the business was conducted at a loss, so that by the end of the year 1908 the capital stock was impaired to the extent of over $11,500; that after Goetzinger was excluded from participation in the affairs of the company and while its capital stock was impaired by its losses, the defendants, acting as directors and officers of the corporation, fraudulently, knowingly, and wilfully authorized and permitted the defendant Donahue to withdraw and take a large sum of money from the corporation and to devote the same to his personal use, and that the amount so taken exceeded $13,000; that on December 22, 1908, at a special meeting of the board of directors of said

corporation at which all of the defendants were present, said Donahue was authorized to borrow the sum of $12,450 from the corporation, giving therefor his unsecured note without interest; that with the knowledge and consent of all the defendants said Donahue secured from said corporation the sum of $12,450 in exchange for his note, and that at such time plaintiff owed debts in a sum exceeding $22,000; that the defendants had mismanaged the business and wasted the property, so that when the aforesaid sum of money was withdrawn by Donahue the plaintiff was left without means to pay its liabilities, and its entire assets were worth but little, if anything, above its liabilities; that shortly before the defendants ceased to be directors, the National Exchange Bank, to which the corporation was indebted in the sum of $19,000, threatened bankruptcy proceedings, and that to avoid such proceedings said Goetzinger paid to said bank all of its claim and took an assignment thereof; that during the years 1907 and 1908 Donahue, with the knowledge and consent of his co-directors, withdrew large amounts of money from the corporation for the purpose of paying the expense of litigation then pending between him and Goetzinger; that at the times the moneys were taken and permitted to be taken by Donahue he was wholly insolvent, which fact his co-directors well knew; and that they also knew that said moneys were being withdrawn and taken by Donahue for his own uses and purposes and not for the use of the corporation.

The relief prayed for is that the defendants be compelled to pay into the treasury of the corporation all moneys taken therefrom by Donahue, and that it have such other and further relief as may be just.

For the appellants there was a brief signed by *Quarles, Spence & Quarles,* attorneys, and *J. V. Quarles, Jr.,* of counsel, and oral argument by *J. V. Quarles, Jr.*

For the respondent the cause was submitted on the brief of *Frank M. Hoyt.*

BARNES, J.   The question presented to this court is: Does the complaint state a cause of action? It may be that the plaintiff is asking relief to which it is not entitled, and that facts exist which would deter a court of equity from granting any relief, but if they do exist they are not before us. The complaint shows that Goetzinger held four fifths of the capital stock of the corporation as collateral security for the payment of an indebtedness amounting to $15,000, which indebtedness was incurred by the defendant Donahue in reference to the purchase of the corporate stock and property of the plaintiff from Goetzinger; that Donahue, who was insolvent, was permitted by his co-directors to borrow $12,450 from the corporation for his own personal use, giving a worthless note therefor, due in three years from its date without interest, and that all the directors knew that Donahue was insolvent when the loan was made; that the corporation was thereby left without means to pay its debts; and that its assets amounted to little, if anything, more than its debts.

The law would be very inefficient if it did not afford to the holder of the collateral protection against the squandering of his security by any such means. It would be just as inefficient if it did not afford a like protection to creditors of the corporation. It is no answer to the facts alleged to say that the Donahue notes may be paid as they mature. Goetzinger is entitled to have his security protected from fraudulent dissipation in the meantime. If the corporation could take the worthless notes of Donahue due in three years for the money paid him, it could take notes maturing in ten years. A party taking corporation stock as security for a loan is not obliged to permit his security to be squandered by the debtor who practically controls the corporation because perchance the debt will be paid at maturity. The security having been wasted, the creditor should have the right to compel those responsible for the waste to make reparation. The general creditors of the corporation might exercise the same right if

their interests were being jeopardized and they so demanded. The complaint shows that a large sum of money was lost to the corporation because of a fraudulent breach of trust on the part of its directors. For such a loss the recreant officers are personally responsible. Sec. 3237, Stats. (1898); *Gores v. Day,* 99 Wis. 276, 74 N. W. 787; *Cunningham v. Wechselberg,* 105 Wis. 359, 81 N. W. 414; *Killen v. Barnes,* 106 Wis. 546, 82 N. W. 536; *Consolidated V. Works v. Brew,* 112 Wis. 610, 88 N. W. 603; *Seering v. Black,* 140 Wis. 413, 122 N. W. 1055. Nothing is said in *Edler v. Hasche,* 67 Wis. 653, 661, 31 N. W. 57, or in *Whorton v. Webster,* 56 Wis. 356, 371, 14 N. W. 280, that is in conflict with the views here expressed. Subd. 2, sec. 3237, Stats. (1898), expressly authorizes the institution of such an action as is here brought against the directors of a corporation for the restitution of funds lost through their mismanagement. The control of the corporation having passed into friendly hands, and the purpose of the suit being to restore its assets by compelling money to be paid back into its treasury by those who were responsible for its wrongful withdrawal, the action was properly brought in the name of the corporation rather than in the name of a creditor of the corporation or of Goetzinger. *Doud v. W., P. & S. R. Co.* 65 Wis. 108, 25 N. W. 533; *Land, L. & L. Co. v. McIntyre,* 100 Wis. 245, 256, 75 N. W. 964; *Franey v. Warner,* 96 Wis. 222, 227, 71 N. W. 81, and cases cited.

*By the Court.*—Order affirmed.