CHRISTOPHER A. HAWKINS *vs.* JULIA E. CAPRON.

A surviving partner is, until the partnership affairs are settled, entitled to the possession of the partnership assets as against the representatives of his deceased partner.
He may enforce such right of possession by bringing trover in his own name.

DEFENDANT'S petition for a new trial.

This was an action of trover brought by the plaintiff, who was sole surviving partner of a copartnership known as James A. Capron & Co., against the defendant for the conversion, after Capron's death, of certain personalty of the firm. The defendant was executrix and sole legatee of Capron. This action was brought in the Court of Common Pleas, and the jury returned a verdict for the plaintiff, whereupon the defendant filed this petition, alleging that the presiding justice erred in his instructions to the jury, that the verdict was against the evidence, and that the defendant had discovered new evidence in her favor.

*Providence, April* 11, 1892. PER CURIAM. Whether the relations between copartners with reference to their ownership of the partnership assets is more analogous to a tenancy in common or to a joint tenancy, we need not decide. In either case, a sole surviv-

ing partner is entitled at law to the possession of the assets of the firm until its affairs are settled, as well against the representatives of the deceased, to whom he is ultimately liable to account, as against strangers. 17 Amer. & Eng. Encyc. of Law, 1161; Parsons on Partnership, 458; 2 Lawson, Rights, Remedies, and Practice, 1256. Trover is a proper remedy for a refusal of such possession. The court properly construed the articles of agreement in question, and instructed the jury to consider them as a whole in deciding the question of fraud.

The cause of action in this case, the conversion of the goods, occurred after the death of the late partner. It was an injury to the right of possession of the plaintiff, not to the joint possession of the plaintiff and his late copartner. Hence the plaintiff properly sued in his own name. *Smith* v. *Barrow*, 2 Term Rep. 476, 478. The amendment allowed him to add to his name the words, " surviving partner," etc., which were an unnecessary but harmless description of the way he claimed to have acquired title to the goods.

We see no reason to disturb the verdict of the jury upon the evidence.

It does not appear that the alleged newly discovered evidence might not have been presented at the trial.

The motion for a new trial must be denied and dismissed.

*Stephen A. Cooke, Jun., & Louis L. Angell*, for plaintiff.

*Samuel W. K. Allen*, for defendant.