SARAH J. SPENCER vs. JOHN SPENCER.

Suffolk.    March 20, 1902. — May 22, 1902.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Contract*, Implied.

In an action for personal services by an unmarried woman against her brother, it appeared, that for a time she lived with him as his housekeeper for pay, and that he then fell ill and she kept on for many years, receiving no pay, but on the contrary earning money outside which she used for the support of the defendant and his children. *Held*, that whether the defendant expected to pay for the services or not was immaterial, and that it was not necessary, in order to bind him, that he should have believed that the plaintiff expected pay, if when he accepted the services he should have understood from what he knew that such was the expectation.

CONTRACT for work done by the plaintiff for the defendant for twelve years from August, 1888, to August, 1900, at $2 per week.    Writ dated February 26, 1901.

At the trial in the Superior Court before *Hopkins*, J., it appeared, that the plaintiff was an unmarried woman and a sister of the defendant, who was a wool sorter by trade.    The plaintiff offered evidence tending to show, that the defendant's wife died in 1885, leaving him with four children, the oldest being then ten years of age; that the defendant requested the plaintiff to come and live with him, to keep his house and take care of his children, and agreed to pay her therefor $2 per week; that she went as requested and worked for him and he paid her in full at the promised rate for two and one half years, until in 1888 an illness incapacitated him for further labor at his trade; that she continued to live in his house and work for him until she left, in August, 1900, and that no further payments were made to her except one of $5, in December, 1900; that after the illness of the defendant she went out to work, sometimes two, sometimes three, and sometimes four days a week, and that she used the money so earned for the support of the defendant and his children; that on the days when she went out to work, she did the work of the defendant's household before and after returning from work outside.

There was evidence offered by the defendant tending to show, that after the death of his wife, in 1885, his sister, the plaintiff, said she wanted a home and did not want his children to have a stepmother; that he engaged her as she testified, and paid her in full up to the time he was taken sick with hemorrhages from the lungs, which incapacitated him for work at his trade; that he had no income from which to pay the plaintiff after he ceased to work at his trade, except the rent of his houses, and that she knew of that fact; that he never paid her anything after that and that he did not pay her $5 in December, 1900; that several years after he was taken sick the plaintiff was angry with him and he sent his son with $8 to her which she refused to take; that from the time of his sickness to the time she left his house in August, 1900, she never asked or demanded of him any sum of money for her work; that during all that time she occupied exclusively and kept the key of a room in his house; that during all that time she went out at her pleasure to work for others, sometimes during the spring and fall, the whole week at a time, at other times of the year not so often, but doing all the work she could get, sometimes three, four or five days in the week, going after breakfast in the early morning and returning according to where she was working, sometimes at eight o'clock at night; that he had nothing to do about this work or her earnings; that after his sickness, in 1888, he was about the house and able, with the assistance of his children, to do all that was necessary to be done, and that his sister, the plaintiff, did only that which she saw fit to do.

The judge ruled that the plaintiff could not recover for any services rendered more than six years before the date of the writ, and among other instructions, to which no exception was taken, instructed the jury that, in an action for services rendered the plaintiff could not recover unless the jury found that the person rendering the services expected to be paid for them, and believed that the person receiving them knew that payment was expected for them, and also, that the person receiving the services expected to pay for them and believed that the person rendering the services expected to have pay for them.

The jury found for the defendant; and the plaintiff alleged exceptions.

*J. H. Vahey, C. H. Innes & J. B. Ferber,* for the plaintiff.

*J. F. McDonald & D. B. Ruggles,* for the defendant.

HOLMES, C. J.   This is an action for personal services brought against the defendant by his sister, an unmarried woman.   For a time she lived with him as his housekeeper for pay.   Then he fell ill and she kept on for twelve years, receiving no pay, or at most, $5, which was disputed, but on the contrary working out and using the money she earned for the support of the defendant and his children.   The judge instructed the jury in substance that the plaintiff could not recover unless she had expected to be paid for her services and had believed that the defendant knew that payment was expected for them, and unless the defendant had expected to pay for them and had believed that the plaintiff expected to have pay for them.   The plaintiff excepted, and brings the case here after a verdict for the defendant.

We have felt some doubt whether these instructions should be construed to mean anything more than that the parties must have understood that they were dealing on a business footing, in which case we should hesitate to sustain the exceptions merely because of a theoretical leak to which no attention was called. Even so construed the proposition would be inaccurate since it would be enough to make a contract if the defendant as a reasonable man ought to have understood that the services were rendered for pay and not merely for love.   But we are of opinion that the language of the judge went further than we have suggested, and too far for us to save it, however proper the verdict may seem to have been.   Of course it does not matter whether the defendant expected to pay for the services or not, the question is as to the natural import of his overt acts.   *Bohn Manuf. Co.* v. *Sawyer,* 169 Mass. 477.   *Hobbs* v. *Massasoit Whip Co.* 158 Mass. 194, 197.   Again, it is not necessary that the defendant should have believed that the plaintiff expected pay.   If as a reasonable man he should have understood from what he knew that such was the expectation, he would be bound by accepting the services.   *Day* v. *Caton,* 119 Mass. 513.   It is unnecessary to criticise the ruling further.

*Exceptions sustained.*