HARRY F. HAWKES *vs.* FIRST NATIONAL BANK OF GREEN-
FIELD, administrator with the will annexed.

Franklin.   September 21, 1927.— October 15, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Contract*, Implied, Of employment.   *Partnership*, Death of partner.

At the trial of an action against the administrator with the will annexed
of the estate of one of two partners conducting a farm, for labor per-
formed upon the farm before the death of the defendant's testator, it
appeared that the other partner was the plaintiff's father and that the
plaintiff was born on the farm; and there was evidence showing the
performance of the labor after the plaintiff became of age and its value;
that certain payments were made to the plaintiff by his mother, who
largely handled the money taken at the farm, paid all living expenses,
and gave the remainder of the income to the testator; and that the
plaintiff's father and the testator knew of and accepted the labor per-
formed by the plaintiff.   *Held*, that
   (1) It was a question of fact, whether the plaintiff's services were
gratuitous because he lived with his parents as a member of the house-
hold, or whether he worked for the partnership as an ordinary laborer;
   (2) The death of one member having dissolved the partnership, the
implied contract, although joint, might be treated as several and en-
forced against the defendant.

CONTRACT, against the administrator with the will annexed
of the estate of Stephen W. Hawkes, for a balance of $8,563
alleged to be due to the plaintiff for work done upon a farm
conducted by the defendant's testator and the plaintiff's
father as copartners.   Writ dated October 8, 1926.

In the Superior Court, the action was tried before *Irwin*, J.
Material evidence is stated in the opinion.   By order of the
judge, a verdict was entered for the defendant.   The plaintiff
alleged exceptions.

*H. Sherman*, for the plaintiff.

*W. A. Davenport*, (*W. L. Davenport* with him,) for the
defendant.

BRALEY, J.   The defendant's motion for a directed ver-
dict should not have been granted.   The jury warrantably
could find that the defendant's testator, and the plaintiff's

father as partners carried on a farm of one hundred and sixty acres in the town of Charlemont from February 27, 1910, to October 9, 1925, the date of the testator's death; that the plaintiff, who was born at the farm, continuously worked for the partnership from February 27, 1910, when he became twenty-one years of age, to October 9, 1925, and that his services were reasonably worth $50 a month including his board.   During this period he received partial payments which he had credited, leaving a large amount still due, for the recovery of which the present action was brought.   The payments were made by his mother, who largely handled the money taken at the farm, paid all living expenses, and gave the remainder of the income to the testator.   It further could be found that the plaintiff's father and the testator knew of and accepted the labor performed by the plaintiff, whose only occupation was that of a worker on the farm, where he was an efficient employee.   It was therefore a question of fact whether the plaintiff's services were gratuitous because he lived with his parents as a member of the household, or whether he worked for the partnership as an ordinary laborer. *Spencer* v. *Spencer*, 181 Mass. 471. *McKenna* v. *Twombly*, 206 Mass. 62.   *True* v. *Lebowich*, 243 Mass. 369.   The death of one member having dissolved the partnership, the implied contract, although joint, may be treated as several and enforced against the defendant. G. L. c. 197, § 8.

*Exceptions sustained.*