HARRY F. HAWKES *vs.* THE FIRST NATIONAL BANK OF GREENFIELD, administrator with the will annexed.

Franklin.   September 19, 1928. — October 8, 1928.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Partnership,* Death of partner. *Contract,* Implied, Of employment. *Evidence,* Competency. *Practice, Civil,* Parties.

Two brothers operated a farm as partners for many years until the death of one of them.   The surviving brother's wife had handled the receipts from the farm, and, after paying living expenses, had turned the balance over to her husband's brother. No accounting between the brothers ever

was had or was asked for by either brother. The surviving brother's son, after becoming of age, worked on the farm until the death of his uncle. At the trial of an action by the son against the administrator of the deceased brother's estate to recover for such labor, there was evidence of the foregoing facts and of the value of the plaintiff's services. Evidence was admitted subject to the defendant's exception that the plaintiff intended to charge for his work; and that, to the knowledge of the deceased brother, he received sums of money and clothing from his mother from time to time, for which he gave the partnership credit. The trial judge denied a motion by the defendant that a verdict be ordered in his favor and there was a verdict for the plaintiff. *Held,* that

(1) The action might be maintained without the plaintiff's first having sought recovery from the surviving brother;

(2) Whether the partners should have understood that the plaintiff expected compensation for his services was a question of fact for the jury;

(3) The evidence excepted to properly was admitted;

(4) The exceptions must be overruled.

CONTRACT, against the administrator with the will annexed of the estate of Stephen W. Hawkes, for a balance of $8,563 alleged to be due to the plaintiff for work done upon a farm conducted by the defendant's testator and his brother, the plaintiff's father, as partners. Writ dated October 28, 1926.

The action previously was before this court upon the plaintiff's exception to an order by *Irwin,* J., that a verdict be entered for the defendant; and in a decision reported in 261 Mass. 109, it was held that the exception must be sustained, it being a question of fact for the jury, whether the plaintiff's services were gratuitous because he lived with his parents as a member of the household, or whether he worked for the partnership as an ordinary laborer.

At the second trial of the action before *Burns,* J., there was evidence for the plaintiff that he worked on the farm from the time he became of age in 1910 until the death of the defendant's testator in 1925, and devoted all his time thereto; that he was a good farm hand; that his services fairly were worth $50 per month; that his mother handled the money received from the farm, and that, after paying living expenses and some money to the plaintiff, she turned over the balance to the defendant's testator; and that there never had been any accounting between the plaintiff's father and his uncle, nor had his uncle ever asked for an accounting.

Evidence was admitted subject to the defendant's exception that the plaintiff intended to charge for his work; and that, to the knowledge of the defendant's testator, he received sums of money and .clothing from his mother from time to time, for which he gave the partnership credit.

At the close of the evidence, the judge denied a motion by the defendant that a verdict be ordered in its favor; and there was a verdict for the plaintiff in the sum of $5,221.68. The defendant alleged exceptions.

*W. A. Davenport,* (*W. L. Davenport* with him,) for the defendant.

*H. Sherman,* for the plaintiff.

RUGG, C.J.   The plaintiff seeks to recover for personal services rendered by him to a copartnership composed of his father and his uncle, the testator of whose estate the defendant is administrator with the will annexed. That partnership was dissolved by operation of law by the death of the defendant's testator in 1925. The surviving partner thereupon became vested with title to the property of the firm and was bound to account for its application to the payment of firm debts and to the settlement of the partnership accounts. *Wellman* v. *North,* 256 Mass. 496, 501, and cases there cited. St. 1922, c. 486, § 25 (d). Although the natural course in these circumstances may be for a creditor of the partnership to enforce his claim against the surviving partner, he is not restricted to that course under our statutes. It was said by Chief Justice Gray in *New Haven & Northampton Co.* v. *Hayden,* 119 Mass. 361, 365, after stating the rule at common law: "By our statutes, if one joint contractor dies, his estate may be charged as if the contract had been joint and several, that is, by action at law against his executor or administrator alone." That statute, now found in G. L. c. 197, § 8, was applied to the action of a creditor against the estate of a deceased partner in *Sampson* v. *Shaw,* 101 Mass. 145. It was applied to the case at bar when it was here in 261 Mass. 109.

The question, whether a creditor must exhaust his remedies against the surviving partner before proceeding against the estate of a deceased partner or whether he may resort

first to the estate of the deceased partner, has never been discussed in our decisions. The rule in England seems to be settled that creditors of the firm may first sue the estate of the deceased partner regardless of the question whether the surviving partner is solvent or bankrupt. *Devaynes* v. *Noble,* 1 Meriv. 529, 566–570. *Wilkinson* v. *Henderson,* 1 Myl. & K. 582, 588, 589. *In re Doetsch,* [1896] 2 Ch. 836. This appears to be the view of the Supreme Court of the United States. *Nelson* v. *Hill,* 5 How. 127, 133. *Lewis* v. *United States,* 92 U. S. 618, 622, 623. There are other authorities to the same effect. *Camp* v. *Grant,* 21 Conn. 41, 57. *Union Trust Co.* v. *Shoemaker,* 258 Ill. 564. *Wisham* v. *Lippincott,* 1 Stock. (N. J.) 353. *Washburn* v. *Bank of Bellows Falls,* 19 Vt. 278, 287. *Irby* v. *Graham,* 46 Miss. 425, 427. There are authorities to the contrary and there is some conflict among the decisions. See for collection of cases Rowley on Partnership, 847, notes 38, 39, and 848 note 42; 30 Cyc. 628 note 91.

Since there is no limitation in G. L. c. 197, § 8, and since that section has been held applicable to partnerships, it must follow that in this Commonwealth the firm creditor is not required first to sue the surviving partner but may at his election sue first the estate of the deceased partner. The argument has not been urged that the exclusive remedy is in equity.

The exception to the refusal to direct a verdict in favor of the defendant presents in substance the same question decided adversely to the defendant when the case was here at the earlier stage. There is evidence in the present bill of exceptions at least as strong in support of the plaintiff's contention as that in the former bill of exceptions. It there was held that it was error to direct a verdict in favor of the defendant. 261 Mass. 109. Whether the services of the plaintiff were rendered under such circumstances that the members of the partnership ought to have understood that compensation was due for them, was a question of fact to be determined by the jury. *McCarthy* v. *Boston & Lowell Railroad,* 148 Mass. 550. *Hobbs* v. *Massasoit Whip Co.* 158

Mass. 194. *Spencer* v. *Spencer*, 181 Mass. 471. *Butler* v. *Butler*, 225 Mass. 22.

There was no error in the admission of evidence. The payments made to the plaintiff by the mother of the plaintiff might have been found to have been made in behalf and by the authority of the partnership; and if that was so found, then the estate of the deceased partner was bound by the implications flowing therefrom.

The earnest argument in behalf of the defendant is in essence a contention that the jury were in error in reaching their verdict; but of course that is not a matter for our consideration so long as there is evidence upon which the verdict may be supported.

*Exceptions overruled.*