HAZELWOOD, Receiver, Plaintiff and Respondent, vs. OL-
    INGER BUILDING DEPARTMENT STORES, INC. and
    others, Defendants: THIRD AND WELLS REALTY
    COMPANY and others, Defendants and Appellants;
    SCHWEMER, Trustee in Bankruptcy, Intervening De-
    fendant and Respondent. [Six appeals.]

*April 8—May 12, 1931.*

For the appellants there were briefs by *Alexander, Burke & Clark* of Milwaukee, and oral argument by *Frank P. Burke*.

For the respondents there was a brief by *Lamfrom, Tighe, Engelhard & Peck,* attorneys, and *Morris Karon* of counsel, attorneys for the respondent Schwemer, and *Gold & Mc-Cann,* attorneys for the respondent Hazelwood, all of Milwaukee, and oral argument by *Mr. Karon*.

ROSENBERRY, C. J.   The first proposition presented here is that the plaintiff, as receiver of an insolvent corporation,

has no legal capacity to sue because, the state insolvency laws having been superseded by the federal Bankruptcy Act, the receiver took no title. This assignment of error more properly relates to the second ground of demurrer, viz. that the facts alleged do not constitute a cause of action. Plaintiff has capacity to sue if he has title to the property in question. The appealing defendants predicate their position upon *International Shoe Co. v. Pinkus*, 278 U. S. 261, 49 Sup. Ct. 108. This case no doubt came as a surprise to a good many lawyers. While it had everywhere been freely conceded that the Bankruptcy Act was paramount to the insolvency laws of the state, it had been generally thought since the decision of *Boese v. King*, 108 U. S. 379, 2 Sup. Ct. 765, that a state assignee took title and might proceed until his authority was superseded by the invocation of the provisions of the federal Bankruptcy Act. It is held, however, in *International Shoe Co. v. Pinkus* that where the property is impounded under a state law which provides not only for its *pro rata* distribution among the creditors as far as it will go, but all claims filed are subject to be discharged upon the application of the bankrupt, the state law is entirely superseded and that an assignee under the state law taking under such a statute, takes no title as such.

In response to the argument made by counsel for appellants, it should be said that there is a fundamental distinction between the law of Arkansas as stated in the opinion of the court in *International Shoe Co. v. Pinkus* and the law of this state. In the matter of *Voluntary Assignment of Tarnowski*, 191 Wis. 279, 210 N. W. 836, it was held that the right to make a voluntary assignment for the benefit of creditors is a personal right inherent in the ownership of property and existed at common law independent of the statute; that while the discharge of a bankrupt from his debts constitutes the very essence of the Bankruptcy Law, the discharge of a debtor is no part of an assignment law; that that

part of the chapter relating to discharge is entirely superseded by the federal act and has, under present conditions, no efficacy; and further, that a creditor filing his claim and accepting his *pro rata* share of the proceeds under a voluntary assignment does not waive his right to object to the debtor's discharge. As a condition of filing a claim under the Arkansas statute, the creditor was required to agree that payment of a *pro rata* share of the assets of the insolvent's estate should discharge his claim. It is hardly necessary to point out the wide difference between the statute of Arkansas and that of Wisconsin as construed by this court. Upon the general question what state laws are superseded by the Bankruptcy Act, see *Stellwagen v. Clum,* 245 U. S. 605, 38 Sup. Ct. 215; *Old Town Bank v. McCormick,* 96 Md. 341, 53 Atl. 934; *Pelton v. Sheridan,* 74 Oreg. 176, 144 Pac. 410; *Mayer v. Hellman,* 91 U. S. 496.

Even if this were not true, still the contention of the appellants must fail in this case. The plaintiff Hazelwood was appointed as receiver of an insolvent corporation. This is a power inherent in equity courts and does not depend for its vitality upon any provision of the statute. The procedure in cases of this kind is regulated by secs. 286.10 and 286.11, Stats. These sections, however, do not create the remedy. It cannot be contended that the enactment of the federal Bankruptcy Act suspended the power of courts of equity in the several states. No provision is made anywhere for the discharge of an insolvent in proceedings of the kind instituted in this case. So that, in any event, the plaintiff might properly have maintained this action.

The second contention of the appellants is that the cause of action stated in the complaint by which it is sought to compel individual defendants to pay for their stock subscriptions, which they pretended to pay but which they did not pay, is one which can be enforced only by the creditors of the corporation. So far as the plaintiff is concerned, we are

not required to determine whether or not the cause of action for fraudulent overvaluation of property is with the receiver or with the creditors. By the allegations of the complaint and the cross-complaint it clearly appears that whatever rights the plaintiff may have had were divested by the appointment of the trustee in bankruptcy, and the receiver does not contend here that as against the trustee he is entitled to hold any of the assets of the Olinger Building Department Stores, Inc. As to the right of the trustee in bankruptcy to maintain the action, it can hardly be contended that under the provisions of sec. 47 of the Bankruptcy Act as amended by the act of June 25, 1910, the trustee has not good title to the cause of action in question. As has been many times held, the trustee is in the position of an ideal creditor. He has all the rights of any creditor for the benefit of the estate. *Sparks v. Kuss,* 195 Wis. 378, at 391 *et seq.* (216 N. W. 929, 218 N. W. 208). The contention of the appellants must therefore, as to the trustee in bankruptcy, be overruled.

It is further contended that, the plaintiff having no present right to maintain an action, the action must fail. There may have been a time when this contention would have had some substance. If so, it has long since passed. All the parties are in court, the action is properly begun, and although the plaintiff is entitled to no relief by reason of what has happened since the commencement of the action, that constitutes no reason for the dismissal of the action as to the defendants as between whom, under the statute, affirmative relief may be granted. The procedure would have looked better to the eye of a common-law pleader if the trustee in bankruptcy had been substituted as plaintiff in the action, but it would in no way have affected the rights of the parties and the ultimate result would have been the same. The contention of appellants is therefore without merit. Until the facts set out in the cross-complaint were alleged, the

plaintiff had a right to maintain the action. Whether he could succeed in it was another question. The matters set out in the cross-complaint related to the cause of action stated or attempted to be stated in the plaintiff's complaint and were therefore properly pleaded as a cross-complaint. *Liebhauser v. Milwaukee E. R. & L. Co.* 180 Wis. 468, 193 N. W. 522; *Scharine v. Huebsch,* 203 Wis. 261, 234 N. W. 358.

*By the Court.*—Orders affirmed.