FONDTOSA HIGHLANDS, INC., Respondent, vs. PARAMOUNT DEVELOPMENT COMPANY, INC., imp., Appellant.

*January 12—June 29, 1933.*

For the appellant there was a brief by *Rubin & Zabel,* attorneys, and *R. R. Stauff* of counsel, all of Milwaukee, and oral argument by *Mr. Stauff.*

For the respondent there was a brief by *Gold & McCann,* attorneys, and *Morris Karon* of counsel; all of Milwaukee, and oral argument by *Mr. Karon.*

The following opinion was filed April 11, 1933:

FRITZ, J. Plaintiff, as the grantee, by deed from E. M. Gaines, of certain real estate, which had been subdivided into lots, and as the transferee of Gaines' interest as vendor under land contracts for the sale of 144 of those lots to the defendant Paramount Development Company, Inc., brought this action for specific performance of the land contracts, with a prayer for a receiver for the defendant corporation, an injunction, and an accounting by its officers to the receiver for the corporation's property converted by them to their own use. The defendant corporation and three of the individual defendants demurred to the complaint on the grounds that the complaint does not state facts sufficient to constitute a cause of action; that several causes of action have been improperly united; and that there is a defect of parties in that the numerous vendees, under land contracts with the defendant corporation, have not been joined as parties. The court overruled the demurrers, and the defendant corporation appealed from that order. So far as material on that appeal, the allegations of the complaint are to the following effect:

On August 18, 1930, E. M. Gaines, as the owner of certain land, subdivided into lots, entered into a written irrevocable option whereby he gave Paramount Development Company, Inc., the option to purchase from him on land contract, in form described in the option, 203 lots, which were duly described. The defendant corporation was to pay all taxes and assessments for the year 1931. The resale by the defendant corporation of any lots was not to relieve it from its obligations under its contracts with Gaines, and the option was binding on the successors and assigns of

both parties. Pursuant to that option, the defendant corporation purchased from Gaines, on the form of land contract agreed upon between the parties, and other provisions inserted in the contracts, 144 lots, which are described in the complaint together with the purchase prices, amounts paid, and remaining unpaid thereon. Defendants resold the lots, which the defendant corporation purchased from Gaines, to a number of vendees for sums in excess of their cost. Defendants also sold forty-five lots, to which the defendant corporation had no title, and which it had no right to sell because defendants refused to exercise the option of the defendant corporation for the purchase of those lots, and refused to make any payments therefor to Gaines or plaintiff. Gaines had conveyed to plaintiff all of those lots, and his right, title, and interest in the land contracts, in which he agreed to sell them to the defendant corporation. The defendants failed to pay the taxes for 1931. The defendant corporation is in default upon the land contracts in the sum of $1,500 per month for the months of March and April, 1932, and like amounts will become due monthly thereafter. The defendants Jack Kaiser, Oscar Kaiser, and Edward Lazarus are the principal officers and directors of defendant corporation. The individual defendants have conspired to convert the corporate assets to their own use, and, pursuant to such conspiracy and in fraud of plaintiff as a creditor, they have taken large sums of money from defendant corporation and converted the same to their own use. As a result the corporation became unable to pay its obligations to the plaintiff, and the remaining assets are insufficient to pay the claims which are due and to become due to plaintiff. Defendants are fraudulently diverting and dissipating the assets of the corporation, and it is insolvent and unable to meet its obligations, and has no assets except the unpaid purchase prices owing to the corporation from its vendees.

Although it is the duty of the defendant corporation to reserve sufficient amounts of money collected on its land contracts from its vendees to pay for the lots sold to such vendees, in order to enable the corporation to convey the lots to its vendees when they pay for them, the individual defendants are fraudulently converting the company's assets to their own use. If not enjoined from doing so, they will continue their wrongful conduct and produce irreparable injury to plaintiff, and render a judgment against the defendant corporation uncollectible; and will be unable to deliver title to the lots sold by the defendant corporation, and will thereby perpetrate a gross fraud upon its vendees and upon plaintiff. It is necessary to require the individual defendants to account for the corporate assets which they took from the defendant corporation, and for their conduct of its affairs, and to disclose to whom they sold the lots and all pertinent information relating to such sales. A receiver is necessary to take charge of the affairs of the corporation. Plaintiff is ready, able, and willing to perform the land contracts entered into between Gaines and the defendant corporation, which has failed to pay its indebtedness to plaintiff upon demand.

It is apparent from the complaint that this action is not for the specific enforcement by plaintiff of the options given by Gaines to the defendant corporation to purchase certain lots. On the contrary, the facts alleged clearly state a cause of action against the defendant corporation for specific performance of the land contracts, which were obtained, as to some of the lots, from Gaines by the defendant corporation in its exercise of its option to purchase lots. It is true that it is not alleged, as expressly as might well have been done, that those land contracts were in writing as required by the statute of frauds, in order to be valid. However, it is alleged "that the form of land contract agreed

upon between said E. M. Gaines and Paramount Development Company, Inc., mentioned in paragraph 8 of this complaint, and upon which form of land contract all the lots aforedescribed were sold by said E. M. Gaines to Paramount Development Company, Inc., provides that," etc. Those allegations, liberally construed as they should be on demurrer, reasonably admit of the inference that the land contracts are in writing. Under the circumstances, it will be presumed on demurrer that the contracts are in writing, and the rule is applicable that a complaint on a contract, which the statute of frauds requires to be in writing, is not demurrable merely because it fails to state specifically that the contract was in writing. *Robbins v. Deverill,* 20 Wis. 142; *Bank of River Falls v. German American Ins. Co.* 72 Wis. 535, 40 N. W. 506; *Taylor v. Davis,* 82 Wis. 455, 458, 52 N. W. 756.

Neither can the demurrer be sustained on the ground that several causes of action have been improperly united. The complaint as an entirety admits of the construction asserted by plaintiff, viz., that there is but one cause of action, and that is for specific performance of the land contracts. The allegations, as to the fraudulent mismanagement and conversion of the corporate assets by the corporate officers, are set forth to lay a foundation for incidental relief for a receiver, an injunction, and an accounting by the officers to the receiver to be appointed. The incidental relief, for a vendor's lien, an injunction, a receiver, and an accounting, is not based on separate causes of action, but merely on the one main cause of action, and it is merely incidental thereto that the other relief is sought. That is permissible in equity practice. Bryant's Wis. Pl. & Pr. (2d ed.) § 37. Even if plaintiff, in addition to having specific performance as prayed for, is not entitled to a lien upon the interest in the lots of the defendant corporation and its subvendees, or to an in-

junction, a receiver, an accounting, or any of the other relief which plaintiff also seeks in its demand for judgment, such unwarranted demands do not render the complaint demurrable. *Trade Press Pub. Co. v. Milwaukee Typographical Union,* 180 Wis. 449, 459, 193 N. W. 507, 510; *Spencer Co-op. Live Stock S. Asso. v. Schultz,* 209 Wis. 344, 245 N. W. 99. As this court said in *Seering v. Black,* 140 Wis. 413, 416, 122 N. W. 1055:

"The mere fact that the plaintiff is asking for unnecessary or even improper relief does not in itself show that more than one cause of action is stated."

The basis for the contention of the defendant corporation on the third ground of demurrer, viz., that there is a defect of parties, is that vendees, with whom the defendant corporation has contracted for the sale of lots, have an interest therein which will be affected adversely, because of which they should be joined as parties herein. However, it does not appear that plaintiff is seeking any relief against those vendees. The relief sought under the complaint is solely against those whom plaintiff has joined as defendants. If relief is adjudged against the latter, it will not affect prejudicially the rights of those vendees in the lots involved. On the contrary, it will be to their advantage and benefit, if, as the result of specific performance, title to the lots is acquired by the defendant corporation. Consequently, as far as the plaintiff and the relief sought under its complaint is concerned, those vendees are not necessary parties, and there is no such defect of parties as to constitute ground for demurrer.

The defendant corporation also appealed from an order appointing a receiver of its property *pendente lite.* However, in this action for specific performance, as the title to the unimproved and unproductive land involved is still vested in plaintiff, plaintiff's recovery, if any, will be the unpaid

purchase price, which the defendant corporation agreed to pay under those land contracts. Consequently, at the time of the commencement of this action, plaintiff was and, until it recovers judgment against that defendant for that unpaid purchase price, will continue to be a mere creditor at large of the defendant corporation. As a mere general creditor, plaintiff has no standing at present in a court of equity to enforce the payment of mere debts by the sequestration of the debtor's property. "A court of equity will not interfere in aid of creditors who have not reduced their claims to judgment nor acquired any lien upon the debtor's property. 20 Am. & Eng. Ency. of Law, 311." *Weber v. Weber,* 90 Wis. 467, 475, 63 N. W. 757. "It is only after the creditor has taken and exhausted all the means within his power at law that he has any standing to ask the aid of equity to discover and apply the debtor's property to satisfy his claims. It is necessary to the jurisdiction of a court of equity in such an action that it should be made to appear that the creditor is unable to obtain satisfaction of his debt by seizing property under an execution. The court must be satisfied that there has been an effort in good faith made by the creditor to collect his judgment, and that he has exhausted without avail his remedy at law." *State ex rel. Fowler v. Circuit Court,* 98 Wis. 143, 151, 73 N. W. 788; *Northwestern Iron Co. v. Central Trust Co.* 90 Wis. 570, 63 N. W. 752, 64 N. W. 323.

As plaintiff is merely a general creditor, and the land involved in the contracts is unimproved and unproductive, there is no legal basis for any relief *pendente lite* by way of receivership, or sequestration proceedings. Sec. 268.16, Stats., is inapplicable because it does not appear that the land involved is in danger of being lost or materially injured, or that there have been any rents or profits from that land as to which there is any such danger.

Although the appointment of a receiver of an insolvent corporation is a power inherent in equity courts, and does not depend for its vitality upon any provision of the statutes, the procedure in cases of this kind is regulated by secs. 286.10 and 286.11, Stats. *Hazelwood v. Third & Wells Realty Co.* 205 Wis. 85, 89, 236 N. W. 591. As regulated by those sections, sequestration and the appointment of a receiver of the assets of a corporation become proper "whenever a judgment shall be obtained against any corporation incorporated under the laws of this state and an execution issued thereon shall have been returned unsatisfied in whole or in part;" and then to invoke the exercise of the power there must be a petition or an action commenced by the person obtaining such judgment or his representatives. Sec. 286.10, Stats. Proceedings for sequestration and a receiver are not contemplated under those regulations unless a judgment has first been obtained against the corporation, and an execution has been issued and returned unsatisfied, and a creditor, who has obtained such judgment, files a petition or commences an action for such sequestration. It follows that the appointment of a receiver in the case at bar was improper, and that the order to that effect must be reversed.

*By the Court.*—The order overruling the demurrer to the complaint is affirmed; and the order appointing a receiver of the Paramount Development Company is reversed.

WICKHEM, J., took no part.

A motion for a rehearing was denied, with $25 costs, on June 29, 1933.