SCHARF and another, Respondents, vs. HARTUNG, Appellant.

*February 7—March 5, 1935.*

For the appellant there was a brief by *Pellette & Zillmer* of Milwaukee, and oral argument by *Ray T. Zillmer*.

*Ray C. Twining* of Milwaukee, for the respondents.

MARTIN, J. The plaintiffs claim that at the time of the commencement of this action defendant was in default in the sum of $4,755.28 in payments on principal under the terms of the land contract in question, and that said defendant was further in default in the sum of $1,226.03 in payments on interest, and that the taxes on the premises in question for the years 1931 and 1932, which defendant was required to pay under the terms of the land contract, had not been paid. These defaulted taxes amounted to about $1,700.

The defendant answered admitting certain payments were made to apply on principal, and that certain payments were made to apply on interest, and alleging that the interest payments aggregating $6,490.73 had been paid on the assumption that the contract required that the interest be paid semiannually, and that under the terms of the contract he was not required to pay any interest until the principal became due and payable. For this alleged overpayment to apply on interest, defendant counter-claims, and in his counter-claim further alleges that while he was in possession of the premises under the land contract he made valuable and necessary improvements upon the property to the extent of $850, and demands judgment for said respective sums, and that he be given a lien against the real estate in question in the amount of said sums.

We do not deem it necessary to interpret the meaning of the contract with reference to maturity dates on interest because of the conceded fact that at the time of the commencement of this action the defendant was in default as to the payment of taxes which the contract obligated him to pay.

On application of the plaintiffs, the trial court on June 1, 1934, issued an order requiring defendant to show cause why a receiver should not be appointed to collect and receive the rents from the premises pending the action. At the time of the hearing it appeared from the affidavit of the plaintiff, Emil Scharf, that defendant had failed and neglected to pay the taxes levied and assessed against the premises in question for the year 1933. Also, that at said time a part of the premises had been leased to the Hartung Motor Company. Upon the hearing the court entered its order appointing a receiver of and to collect all the rents and profits due and unpaid and to become due pending the action and issuing out of the contract premises. Said receiver is required to make report on the first days of January, May, and September during the course of his receivership, commencing September 1, 1934. The order further provides that either of the parties may at any time apply to the court for further directions to such receiver as may be necessary for him properly to fulfil his duties.

Appellant contends that the vendor in a land contract, after having elected to rescind and sue in strict foreclosure, is not entitled to have a receiver of the rents and profits. This presents the sole question for our consideration. Sec. 268.16, Stats. 1933, as to the appointment of receivers, provides:

"A receiver may be appointed: (1) Before judgment, on the application of either party, when he establishes an apparent right to or interest in property which is the subject of the action and which is in the possession of an adverse party, and the property or its rents and profits are in danger of being lost or materially impaired."

The contract premises are in the possession of the defendant and his tenants. The premises are used solely for business purposes and are situated in the city of Milwaukee. In *Fondtosa Highlands, Inc., v. Paramount D. Co.* 212 Wis. 163, 248 N. W. 131, 134, which was an action for specific

performance of land contracts, defendants demurred; the court overruled the demurrer, also appointed a receiver *pendente lite* for the property of the defendant corporation, and defendant appealed from both orders. On appeal the order overruling the demurrer was affirmed and the order appointing a receiver was reversed. This court said:

"As plaintiff is merely a general creditor, and the land involved in the contracts is unimproved and unproductive, there is no legal basis for any relief *pendente lite* by way of receivership, or sequestration proceedings. Sec. 268.16, Stats., is inapplicable because it does not appear that the land involved is in danger of being lost or materially injured, or that there have been any rents or profits from that land as to which there is any such danger."

The instant case is readily distinguishable because the property involved is used solely for business purposes, and at least a part of the premises was under a lease to a tenant at the time the order was entered appointing the receiver. It has been repeatedly held by this court in mortgage foreclosures that delinquent taxes and unpaid interest depreciate the value of the security and amount to waste. *Grether v. Nick,* 193 Wis. 503, 509, 213 N. W. 304, 215 N. W. 571. If the non-payment of the taxes and the non-payment of interest is held to amount to waste in a mortgage foreclosure, then the same element—non-payment of taxes—should amount to waste in the instant case.

This court has held it proper to appoint a receiver pending an action by the owner of a farm to cancel a lease where the evidence showed substantial breaches on the part of the tenant. *Baker v. Bohnert,* 158 Wis. 337, 148 N. W. 1093.

Under the statute and the well-recognized powers of a court of equity, we cannot say that there was any abuse of discretion by the trial court in appointing a receiver pending the foreclosure action. We so hold.

*By the Court.*—Order affirmed.