GLOBE TICKET COMPANY OF NEW ENGLAND *vs.* BOSTON RETAIL GROCERS' ASSOCIATION.

Suffolk. December 5, 1934. — March 26, 1935.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Agency,* What constitutes.

Where it appeared, at the trial of an action against a corporation for the price of certain tickets, that in the fall of 1928, 1929, and 1930 the defendant conducted exhibitions and in each year held the general manager of the exhibition out to the plaintiff as authorized to pur-

chase tickets therefor in behalf of the defendant and paid for tickets purchased by the general manager; that the defendant authorized the person who had been the general manager, in conducting similar exhibitions on his own account in 1931 and 1932, to use the same name which the defendant had used for the exhibitions in each of the previous three years; that that person did not purchase any tickets from the plaintiff in 1931; that for the exhibition held in 1932 that person ordered of the plaintiff the tickets with respect to which the action was brought, and directed that the plaintiff charge them to the defendant; that the plaintiff in 1932 made no effort to ascertain that person's authority to act for the defendant; and that the defendant after 1930 made no effort to notify the plaintiff that that person no longer had any authority to act for it, conclusions were warranted that that person in 1932 had ostensible authority, upon which the plaintiff was entitled to rely, to act for the defendant in purchasing tickets and that his order for tickets in 1932 was binding upon the defendant, although the defendant in that year gave him no specific authority to act for it.

CONTRACT. Writ in the Municipal Court of the City of Boston dated October 31, 1932.

Upon removal to the Superior Court, the action was heard by *Weed*, J., without a jury. Material facts are stated in the opinion. The judge found for the plaintiff in the sum of $588.13. The defendant alleged exceptions.

*R. W. Frost*, for the defendant.

*L. G. Dennett*, for the plaintiff.

LUMMUS, J. For a week or ten days in the fall, in the years 1928, 1929 and 1930, the defendant conducted an exhibition in the Mechanics Building in Boston under the name "Boston Food Fair," which was registered under what is now G. L. (Ter. Ed.) c. 110, § 8. It employed one Garland each year as general manager of the exhibition. The defendant's treasurer introduced him as such manager to the plaintiff in 1928, and said that Garland was the man who would order the tickets. In 1928, 1929 and 1930 Garland gave the plaintiff orders for tickets. In 1928 and 1929 the plaintiff charged the tickets on its books to the defendant, but in 1930 it charged them to Garland. In all three years the tickets were paid for by the defendant.

On April 6, 1931, the defendant and Garland entered into a written contract by which the defendant for a mone-

tary consideration permitted Garland to use the name "Boston Food Fair" for an exhibition to be held at the Mechanics Building in Boston in the fall of 1931, for which Garland assumed all financial responsibility. The defendant agreed merely to coöperate in making the exhibition successful. The contract also provided: "It is further agreed that this contract is good for 1932 A Fixed sum of 5,500.00 Payment to be made October 1, 1932." Garland operated the exhibition in the fall of 1931, but bought no tickets from the plaintiff. He failed to pay all of the rent of the Mechanics Building for the exhibition of 1931, and was unable to engage that building for 1932.

Nevertheless, on May 13, 1932, Garland ordered tickets from the plaintiff for a similar exhibition in 1932, and these were shipped to his office in the Statler Building in Boston on May 16, 1932. Garland directed that the tickets be charged to the defendant, which had its office at 12 South Market Street in Boston. On June 3, 1932, the plaintiff sent a bill to the defendant, which replied that it had no connection with Garland.

In this action for the price of the tickets, the plaintiff cannot rely upon any authority intentionally given by the defendant to Garland to buy them in 1932 on the credit of the defendant, for there was none. The plaintiff must rely on apparent authority. The brief duration and occasional character of the exhibitions tend somewhat against the apparent continuance of authority from one exhibition to another. The plaintiff made no effort to discover, in May, 1932, whether Garland had the same authority that he had in 1928, 1929 and 1930. On the other hand, the defendant, contemplating because of its contract with Garland that he would conduct, apparently as before, exhibitions in 1931 and 1932 under the same name "Boston Food Fair," took no pains to notify the plaintiff that Garland no longer had authority to contract on behalf of the defendant. On the whole, the defendant having held Garland out as its agent to buy tickets, expressly in 1928 and impliedly in 1929 and 1930, we think that the finding was warranted that the

plaintiff was justified in relying upon the continuance of Garland's authority.

Upon this finding, liability on the part of the defendant results from elementary principles of contract. In *O'Donnell* v. *Clinton*, 145 Mass. 461, 463, Holmes, J., said, "To lead a person reasonably to suppose that you assent to an oral arrangement is to assent to it, wholly irrespective of fraud. Assent, in the sense of the law, is a matter of overt acts, not of inward unanimity in motives, design, or the interpretation of words." In *Brauer* v. *Shaw*, 168 Mass. 198, 200, the same justice said, "Knowingly to lead a person reasonably to suppose that you offer and to offer are the same thing." See also *Bartlett* v. *Stanchfield*, 148 Mass. 394, 395; *Hobbs* v. *Massasoit Whip Co.* 158 Mass. 194, 197; *Spencer* v. *Spencer*, 181 Mass. 471; *Higgins* v. *Shepard*, 182 Mass. 364, 367; *Nickel* v. *Zeitz*, 258 Mass. 282, 285; *Calkins* v. *Wire Hardware Co.* 267 Mass. 52, 68; Am. Law Inst. Restatement: Contracts, §§ 20, 71. The operation of this principle is not affected by the circumstance, present in this case, that a part of the words or acts leading a person reasonably to suppose that one has made him a promise, consists of words or acts leading him reasonably to suppose that a third person had authority to make the promise as an agent. The contribution which that circumstance makes to the resulting liability has often been described by saying that the apparent or ostensible powers of an agent are his real powers. *Brooks* v. *Shaw*, 197 Mass. 376, 380. *C. F. Hovey Co., petitioner*, 254 Mass. 551, 555. *Marquandt* v. *Boston Young Women's Christian Association*, 282 Mass. 28, 30. *Lonergan* v. *Highland Trust Co.* 287 Mass. 550, 557.

*Exceptions overruled.*