WHITTIER and another, Respondents, vs. ATKINSON, Appellant.

*December 2, 1940—January 7, 1941.*

For the appellant there was a brief by *Lees, Bunge & Fuller* of La Crosse, and oral argument by *Hubert V. Fuller*.

*Curtis C. Weisse* of La Crosse, for the respondents.

FRITZ, J.   In support of his demurrer the defendant, Levi Atkinson, contends, (1) that he is not a proper party to the action for the reason that it appears he never was a member of the alleged partnership; (2) that there is a defect of parties defendant because two members of the partnership are alleged to be deceased and no representative of the estate of either is made a party to the action; (3) that the action is barred by the statute of limitations, sec. 330.19 (6), Stats.; and (4) that if it were not barred by the statute of limitations, the plaintiffs were guilty of laches which deprives them of any right to equitable relief.   These contentions are based upon the assumption that plaintiffs intended to allege a cause of action against Atkinson for an accounting as a partner in relation to partnership assets of which he took possession. That assumption was evidently prompted largely by the relief which is sought by the terms of the prayer of the complaint, and which might have been appropriate if, as basis therefor, it had been alleged that Atkinson was a member of a partnership and as such had wrongfully withheld partnership assets for which plaintiffs sought to have him account.   There are, however, no allegations to that effect; and on the other hand plaintiffs assert, in opposing the challenge by demurrer addressed to the complaint, that sufficient facts are alleged therein to constitute a cause of action against Levi Atkinson for conversion of the assets of a partnership of which he was not a member, but of which plaintiffs are the surviving partners and entitled, as such, to recover herein the damages sustained by reason of that conversion.   If that was the true nature and but the purpose of the cause of action which

plaintiffs intended to allege, then there has seldom come to our attention a pleading in which there are allegations of facts and the statements in the prayer as to relief sought as confusing and misleading in relation to the intended nature of the cause of action and the relief sought thereon, as in the complaint under consideration. "However," as this court said in *Roe v. Lincoln County*, 56 Wis. 66, 70, 13 N. W. 887, "inartificially the facts may be presented by the complaint, or however defective, uncertain, or redundant may be the mode of their statement, if a good cause of action can be gathered from it by a liberal interpretation, a demurrer to it will not be sustained." (*Flanders v. McVickar*, 7 Wis. *372; *Morse v. Gilman*, 16 Wis. *504; *Williams v. Sexton*, 19 Wis. *42); and as the court said in *Trade Press Pub. Co. v. Milwaukee Typo. Union*, 180 Wis. 449, 459, 193 N. W. 507, "The prayer for relief being no substantive part of the complaint, . . . that plaintiff asks for more relief than that which his pleaded facts entitle him to have is not reached by demurrer." See also *Spencer Co-op. Live Stock S. Asso. v. Schultz*, 209 Wis. 344, 245 N. W. 99; *Fondtosa Highlands, Inc., v. Paramount D. Co.* 212 Wis. 163, 169, 248 N. W. 131. Moreover, as we said in *Fisher v. Goodman*, 205 Wis. 286, 288, 237 N. W. 93,—

"That the complaint does not state facts sufficient to entitle plaintiff to equitable relief is not a ground of demurrer under sec. 263.06, Stats. That section authorizes a demurrer when the complaint does not state facts sufficient to constitute a cause of action. Under sec. 263.07 a general demurrer to a complaint cannot be sustained if the facts stated entitle the plaintiff to any measure of judicial redress, whether legal or equitable. As the facts alleged in this complaint disclose that plaintiff's rights have been invaded, a demurrer to the complaint cannot be sustained even though it appears that she is not entitled to equitable relief."

Consequently, if facts are alleged in a complaint which are sufficient to constitute any cause of action, then the demurrer

must be overruled regardless of the relief prayed for in the complaint, even though other facts are alleged which are immaterial to, but do not negative or defeat the existence of that cause of action.

In the complaint there are allegations to the following effect. In 1903 the plaintiff Emma Skapple (now Emma Whittier), and the plaintiff Sena Skapple (now Sena Sleeman), together with their sisters Lena Skapple and Jennie Skapple (who married the defendant, Levi Atkinson, in 1933), formed a copartnership, known as the Skapple Sisters, to acquire and conduct a rooming house; and they agreed that if any one of them should marry, she should retain her share in the partnership business, assets, and profits equally with the other sisters. The capital of the copartnership consisted of $1,500 in cash, and house furnishings and household equipment valued by them at $2,500. In and during 1903 and the years following the four Skapple sisters managed the rooming-house business together, and up to the time Lena Skapple died in 1914, the profits of the partnership were divided by and between the partners and each had received her share. From and after that time the rooming-house business was continued by the three surviving partners, with Jennie Skapple as the sole manager until her death in 1936; and up to that time she, as the manager of the partnership business, was in possession of its entire assets, consisting of furniture and rooming-house equipment, cash, a fund of segregated profits, accounts receivable due for rooming and boarding the occupants, and the various books of account. Immediately following her death in 1936, Levi Atkinson took possession of those partnership assets, and refused and continues to refuse to deliver them up or account therefor upon the demand of the plaintiffs, as the surviving partners, upon the discontinuance of the rooming-house business by the partnership when Jennie Atkinson died.

In view of the facts thus alleged, the title and right to the possession of the partnership property became vested in the plaintiffs as the surviving partners upon Jennie Atkinson's death in 1936 under the rule stated in sec. 123.21 (3) (d), Stats., to wit:

"On the death of a partner his right in specific partnership property vests in the surviving partner or partners, except where the deceased was the last surviving partner, when his right in such property vests in his legal representative."

The rights which thus became vested in the plaintiffs for the purpose of settling the partnership affairs entitled them to the possession of all partnership assets as against the representative of any deceased partner, as well as any stranger. *Hawkins v. Capron,* 17 R. I. 679, 24 Atl. 466; *Wharf v. Wharf,* 306 Ill. 79, 137 N. E. 446; *Wellman v. North,* 256 Mass. 496, 152 N. E. 886; *Hawkes v. Greenfield First National Bank,* 264 Mass. 545, 163 N. E. 249, 61 A. L. R. 1408; *In re Lichtblau,* 146 Misc. 278, 261 N. Y. Supp. 863; *New York Life Ins. Co. v. Hageman* (7th Cir.), 80 Fed. (2d) 446; *Fulton v. Okes,* 195 Minn. 247, 262 N. W. 570; *Wrightson v. Dougherty,* 5 Cal. (2d) 257, 54 Pac. (2d) 13.

Consequently, Atkinson's acts in taking possession of the partnership assets and refusing to deliver them to plaintiffs upon demand were unauthorized; and as those unauthorized acts wrongfully deprived the plaintiffs of the partnership property, the acts constituted the conversion thereof by him. *Bussewitz v. Wisconsin Teachers' Asso.* 188 Wis. 121, 205 N. W. 808, 42 A. L. R. 873; *Meyer v. Doherty,* 133 Wis. 398, 113 N. W. 671, 13 L. R. A. (N. S.) 247, 126 Am. St. Rep. 967. As the right thereto had become vested in the plaintiffs, as the surviving partners, they are entitled to maintain an action to recover the possession or the value thereof. *Hawkins v. Capron, supra;* 47 C. J. p. 1100, § 735. It follows that Atkinson's contentions that

438

he is not a proper party because he was never a member of the partnership, and that there is a defect of parties defendant because no representative of the estate of either of the two deceased partners is made a party to the action cannot be sustained.

Likewise, inasmuch as the alleged wrongful acts constituting the conversion were not committed by Atkinson until after his wife's death in 1936, and this action to recover therefor was commenced in 1939, which was within the period of six years allowed by sec. 330.19 (6), Stats., for the commencement of such an action, his contention that this action was barred by that statute cannot be sustained. Neither is there any basis for his contention that the plaintiffs were guilty of laches, which deprived them of any right to equitable relief. There are no facts alleged in the complaint, or which can be taken into consideration at this time in passing upon the demurrer, because of which it can be concluded that plaintiffs have been guilty of laches, or that they are not entitled to have the full period of six years allowed by sec. 330.19 (6), Stats., for the commencement of such an action.

*By the Court.*—Order affirmed.