STEVENS v. G. L. RUGO & SONS, Inc.
Civ. A. No. 50-697.

**STEVENS v. G. L. RUGO &
SONS, Inc.**

**Civ. A. No. 50-697.**

United States District Court
D. Massachusetts.

Dec. 29, 1952.

Charles Bartlett, Boston, Mass., for plaintiff.

John F. Hurley, Boston, Mass., for defendant.

WYZANSKI, District Judge.

Stevens, a British subject, sued a Massachusetts corporation for breach of a "contract of permanent employment." In effect, defendant pleaded that there was no breach because the contract was at will. The case was tried to a jury. Plaintiff's evidence consisted of an exchange of correspondence and his recollection of a conversation he had with Rugo, defendant's president.

Up to the last moments of plaintiff's own testimony, there was enough evidence for the jury to have found that there was a contract of permanent employment. Such a finding would not have been based upon the use of those express words by the parties, for that degree of clarity was not achieved. It would have rested upon *first*, the facts that Stevens had been working outside the United States, that at great inconvenience he severed his English ties, that he brought himself and his family to this country on permanent immigration visas, and that these drastic steps were taken in the light of Stevens's talk with Rugo, and with Rugo's full knowledge; and *second*, a permissible inference from these facts that the parties must have contemplated a contract of permanent employment. Carnig v. Carr, 167 Mass. 544, 46 N.E. 117, 35 L.R.A. 512.

But at the last moment (Tr. 64, 66), plaintiff resolved what would otherwise have been an ambiguous situation, in which a jury could have found a contract of permanent employment. Stevens said he understood that the position would be permanent but that his employment was at will until each party knew the relationship was satisfactory.

Plaintiff then rested and defendant moved for a directed verdict. This Court would have granted the motion forthwith, except for one reason: it seemed to the Court better to let the jury hear all the evidence and return a verdict, so that, if an appellate court should thereafter conclude that defendant had not been entitled to a directed verdict, and plaintiff was entitled to go to the jury,

then the parties and the court could avoid the expense of a second trial, and plaintiff could avoid a 3,000 mile trip. Both parties were aware of these considerations. They proceeded to offer all their evidence. Defendant did not again move for a directed verdict. The jury did return a verdict for plaintiff, and the Court at once reminded counsel that he still had before him defendant's earlier motion. This may have misled defendant into not filing a motion for judgment notwithstanding the verdict. At any rate, no such motion was filed. Nor was plaintiff misled by such failure, for he had been put on notice by the Court's reminder.

1. This trial court has the power to enter judgment for defendant if on all the evidence plaintiff cannot recover. The power itself does not arise from some procedural step invoked by one of the parties; it is inherent in the trial tribunal. The power may be invoked after the evidence most favorable to plaintiff is in, and after plaintiff has notice from the Court or from some procedural device employed by defendant that he must put up, or he will be put out. After its power has been invoked, the trial court not only can, but must, decide whether plaintiff has made a *prima facie* case. For a trial judge to be recusant, is to involve the courts and the parties in expense, delay, and sometimes fabrication of testimony consequent on a second trial. Nothing *decided* in Johnson v. New York N. H. & H. R. Co., 344 U.S. 48, 73 S.Ct. 125, is to the contrary. There the issue turned on the power of an appellate tribunal to enter judgment notwithstanding a verdict, when a trial judge had declined to do so, and had had before him only a defendant's motion made before verdict. It is true that some dicta of Mr. Justice Black refer to the power of a trial judge, but his attention was not focussed on a case where the trial judge had actually acted, and no one had been procedurally surprised.

There is another reason for not extending the rule in the Johnson case to cover those situations where, believing that no reasonable jury could find for plaintiff, the trial judge determines to enter judgment for defendant. For the trial judge knows that he can be forced to enter such judgment by an alert defendant who, immediately after a new trial is ordered, moves for summary judgment and attaches to his motion the record of the testimony already taken.

2. Stevens's understanding of the meaning of the contract was admissible in evidence. This was a case where, without that understanding, the expressions of the parties were ambiguous. Where there is ambiguity in the words used, one party's understanding of his own words and of the other party's words is always admissible in the interpretation of a contract. See Globe Ticket Co. of New England v. Boston Retail Grocers' Ass'n, 290 Mass. 235, 238, 195 N.E. 309; Spencer v. Spencer, 181 Mass. 471, 473, 63 N.E. 947; Taft v. Dickinson, 6 Allen 553, 555, 88 Mass. 553, 555. Restatement, Contracts, §§ 71(a), 233; Wigmore, Evidence, 3d Ed., § 1971(a). And such understanding not only is admissible, but governs interpretation, when, as here, it coincides with the other party's understanding, as shown in its pleadings.

3. Deferring to that interpretation of the contract, an interpretation based upon the mutual, though, up to the date of trial, unexpressed understanding of the parties, this Court concludes that only one finding would be rational: to wit, that the contract was an employment at will in a permanent position. Cf. Campion v. Boston & Maine R., 269 Mass. 579, 169 N.E. 499. The jury's verdict to the contrary cannot be upheld by reference to Carnig v. Carr, 167 Mass. 544, 46 N.E. 117, 35 L.R.A. 512. That jury was free to draw inferences, because there had not been a mutual understanding of the parties as to what their ambiguous conduct and words meant. Here the agreement of the parties bound the jury as well as the Court. And judgment should now be entered for defendant.

4. If judgment should not be so entered, then, in any event, the verdict must be set aside as against the weight of the evidence. Such alternative provision should be made in this Court's order. Fed.Rules Civ.Proc. rules 50(b) and 59 (d), 28 U.S.C.A.; Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147.

Judgment for defendant; otherwise, verdict set aside, new trial ordered.