DAVID T. BARRY *vs.* WASHBURN-GARFIELD COMPANY. December 4, 1970. The plaintiff appeals from an order for judgment for the defendant on a case stated. The plaintiff sought recovery in a three count declaration for damages based on the hiring by the defendant of one O'Hearn, formerly employed by the plaintiff. The case stated discloses no support for any count. Relative to the first two counts, the plaintiff concedes that no express contract existed. Nor was there created a contract implied in fact. The defendant did not request the plaintiff to find an employee and the plaintiff performed no services for the defendant in this regard. The defendant was as free to hire the plaintiff's employee as he was to hire anyone else's. Compare *Spencer* v. *Spencer,* 181 Mass. 471; *Evers* v. *Gilfoil,* 247 Mass. 219; *Sykes* v. *Smith,* 333 Mass. 560, 564–565. As to the third count, which is based on malice, there is nothing in the case stated to support a finding of malice, nor does the count speak to the question of damages.

*Order for judgment affirmed.*

*Leo J. Hession* for the plaintiff.
*John E. Hodgson* for the defendant.

FRANK P. DiMAGGIO *vs.* PEARL A. VERDONE. December 4, 1970. This is an appeal from an order of the Probate Court in the matter of the alleged will of John P. Verdone, late of Medford, deceased, denying a motion of the contestant for the framing of issues for trial by jury. The motion asked that issues be framed on three grounds: (1) due execution, (2) sound mind and (3) fraud or undue influence. It is not now contended that there was error in denying the issue of sound mind. Upon consideration of the statements of expected evidence — which need not be recited — and recognizing the element of discretion vested in the probate judge, we conclude that there was no error in the denial of this motion. See *Hannon* v. *Gorman,* 296 Mass. 437. Nor did the judge err in refusing to disqualify himself.

*Order denying jury issues affirmed.*

*Harry M. Lack* for the contestant.
*Joseph L. Tauro* (*John F. Lombard* with him) for the proponent.

COSTANZO CAPARELLI'S CASE. December 7, 1970. In this workmen's compensation case the employee, in behalf of his physician, appealed from a final decree which stated that the "Insurer having complied with the reviewing board decision and having paid the [physician's] bill . . . the . . . issue [is] moot." The record is clear that the physician was offered payment of his bill before the single member opened the hearing and was actually paid prior to the proceedings in the Superior Court. We perceive no need for further discussion.

*Decree affirmed.*

*Pasquale J. Ventola* for the employee.
*John T. Foynes* for the insurer.